JOHN MURPHY'S LESSEE *vs.* AMOS CORD.—*December*, 1841.

D, on the 6th February, 1822, executed a mortgage of a tract of land to M, to secure a debt due him. On the 12th March, 1821, T recovered a judgment at law in the county where the land lay, against D; but not having sued out execution within a year and a day, on the 21st February, 1823, issued a *scire facias* to revive his judgment. On the 9th March, 1824, obtained a *fiat* and a *fieri facias* on the 6th April, following. Under this writ, the mortgaged premises were levied on, and sold. *Held*, that the mortgagee could not maintain ejectment against the purchaser.

As against a mortgage, executed within a year and a day after the rendition of a judgment at law, the lien of a judgment will prevail, though the plaintiff has occasion from lapse of time to revive his judgment before he can sue out execution.

A levy upon "part of a tract of land called P, containing, &c., more or less, which is now in the possession of D," upon a *fieri facias* against D, is sufficient to identify the property.

Upon a *scire facias* to revive a judgment against the original defendant, the alienees of his land after the judgment within a year and a day, need not, be made parties, for the purpose of enabling the plaintiff to levy upon such lands, under his revived judgment.

APPEAL from *Harford* county court.

This was an action of *Ejectment* brought by the appellee on the 21st day of January, 1835, to recover a tract of land called *Palmer's Forrest*. The defendant pleaded not guilty and took defence on warrant. The case was submitted to the county court on the statement of facts.

It is admitted, that one *John Dallam* was lawfully seized in fee, before and on the 12th March, 1821, of the premises described in the declaration, and so continued until the 6th of February, 1822, when being indebted to *John Murphy*, he executed to him a deed of mortgage for *Palmer's Forrest*, to secure such debt, and payment of the interest thereon half-yearly, the principal being payable on or before the 6th February, 1824. This mortgage was duly acknowledged and recorded.

It was further admitted, that on the 12th March, 1821, *John Thompson* and *Thomas Wilson* recovered a judgment against the said *John Dallam*, in *Harford* county court, where the said tract lies, for $719; that on the 21st day of February, 1823, a

*scire facias* was issued on the said judgment in the same county court, and on the 9th March, 1824, obtained a *fiat executio* thereon. That on the 6th April, 1824, a *fieri facias* was sued out, which was levied upon:—

. "Part of a tract of land called *Palmer's Forrest*, containing 325 acres, more or less; also, part of one other tract of land called *Fox Harbour*, containing, &c., all which said land is now in the possession of the said *John Dallam*.

The writ of *fieri facias* was returned to the court 7th May, 1824, "sold all the right of *John Dallam* in and to all the lands mentioned and described in the schedule filed with this writ, to *William D. Lee*, for $1,741.09, &c., and satisfied plaintiff's attorney."

The sheriff's deed, dated 4th October, 1824, to *William D. Lee*, duly acknowledged and recorded, was also admitted. And on the 12th May, 1824, the said *Dallam* surrendered possession of the said tract to the said *W. D. Lee*, who continued in possession of the same until his death in August, 1828, having devised the same to his two sons, *John* and *Alfred*, who leased the same to the appellee.

It was further admitted, that on the 25th June, 1836, the late sheriff of *Harford* county, by his deed, reciting that some doubts existed as to the effect of his deed of 7th May, 1824, conveying title to *W. D. Lee*, made a second conveyance to the said *John* and *Alfred Lee*, of the land levied and sold by course and distance.

And it was agreed, that if upon the foregoing statement of facts the court should be of opinion, that the plaintiff is entitled to recover, then judgment to be entered up for the plaintiff, otherwise judgment to be entered for the defendant, with liberty to both parties to appeal.

The county court rendered judgment for the defendant, and the plaintiff appealed to this court.

The cause was argued before BUCHANAN, C. J., STEPHEN, CHAMBERS and SPENCE, J.

By H. Archer for the appellant, who insisted—

1st. That the sale made by the sheriff passed no title to the purchaser, because the proceedings do not describe with sufficient legal certainty the premises levied upon and sold. *Thomas vs. Turvey*, 1 *Harr. & Gill* 435. *Williamson vs. Perkins*, 1 *Harr. & John.* 452. *Clarke vs. Belmear*, 1 *Gill & John.* 443, 448.

In the argument upon this point in relation to the defective description of the property, it was objected—

1st. That the second deed made by the sheriff on the 25th day of June, 1836, and the paper executed on the 12th May, 1824, by the defendant in the judgment to the purchaser, and the act of the defendant professing to transfer the possession, are each and all of them, inadmissible as evidence to cover the defect in the description of the property contained in the levy and proceedings under the *fieri facias*, and cannot be used for the purpose of identifying the land sold, and—2nd. That if such evidence be admissible, it cannot have the effect of remedying the insufficiency of the levy, return and first deed made by the sheriff, in which the property seized, sold and conveyed, is described as "part of a tract of land called *Palmer's Forrest.*"

Again, the *fieri facias* was exhausted many years since, and the power under it cannot now be exercised anew. The purchaser must see that the proceedings are right, and this within a reasonable period. The return, if amendable, must be amended on motion and leave of the court. How far back will the court go on such a motion? What sort of leave will they grant? The act of 1813, chap. 102, sec. 4, relates to omissions by the selling sheriff to make any deed. It does not affect those cases where a defective deed has been delivered, and give power to heal that. Amendments to sheriffs' proceedings must be made while his proceedings are in *fieri*. *Waters vs. Peach*, 3 *Gill & John.* 408.

Hence his second deed of June, 1836, was too late. Nor can it escape the court, that the practice here attempted, if sanctioned, would lead to many abuses.

2nd. That if the sale made by the sheriff was not void owing to the insufficiency of the description of the property, it could pass no title as against the appellant, because he was not made a party to the proceedings, or warned as the tenant, under the *scire facias* which issued to revive the judgment after he had acquired title to the property.

. Where a *scire facias* issues, every person having an interest in the land must be made a party. *Arnott & Copper vs. Nicholls,* 1 *Harr. & John.* 471. *McEldery vs. Smith,* 2 *Harr. & John.* 72. *Hanson vs. Barnes,* 3 *Gill & John.* 365; 2 *Harr. Ent.* 749; 7 *Law Lib.* 136.

3rd. That if the sale made by the sheriff was valid, and no *scire facias* warning the appellant necessary, still it will be insisted, that the deed under which the appellant claims, conferred a title paramount to that acquired by the purchaser at the sheriff's sale. That after the lapse of the period within which *Johnson* and *Wilson* might have issued execution on their judgment, but neglected to do so, its lien was suspended, and the mortgage to the appellant *Murphy* obtained priority.

The mortgage in this case under the circumstances, is the principal lien. Lapse of time here, is the loss of the lien. This lets in the mortgagee. The *scire facias* is a new judgment. This is the consequence of its being a new action. *Gonnegal vs. Smith,* 6 *Johnson,* 106. *Norton vs. Beaver,* 5 *Ohio Rep.* 180. *Scriba et al. vs. Deanes, et al.,* 1 *Brocken.* 167.

The lien co-exists with the right to issue execution; when the right to issue execution is gone, the lien is gone. *Eppes vs. Randolph,* 2 *Call,* 152. *Miller vs. Allison,* 8 *G. & J.* 35. *Rankin vs. Scott,* 12 *Wheaton,* 177. *Gilb. on Ex.* 12. *Berry vs. Griffith,* 2 *Harris & Gill,* 337. *Duvall vs. Waters,* 11 *G. & J.* 37. *Tucker's Nos. on Black.* 418.

A. W. Bradford, for the appellees.

This was an action of ejectment instituted in *Harford* county court, on the 21st day of January, 1835, by the appellant against the appellee, to recover a tract of land called "*Pal-*

*mer's Forrest.*" The defendant appeared at March term, 1835, under the common rule, pleaded not guilty and took defence on warrant. A warrant of re-survey thereupon issued, and plots were returned, after which the plaintiff and defendant filed a written statement of facts, from which it will appear—

That the appellant claims title to the premises in question, under a mortgage from one *John Dallam*, the former owner of the land in question, dated on the 6th of February, 1822, with a condition annexed, that the same should be void on payment of $1,250, on or before the 6th February, 1824, and which has not yet been paid.

It will further appear, that the said *John Dallam*, (the former proprietor, and under whom both appellant and appellee claim title,) was lawfully seized in fee of the premises in question, on and before the 12th March, 1821 ; on which day a judgment was rendered against him in *Harford* county court, at the suit of a certain *Johnson* and *Wilson*, which was afterwards revived by *scire facias*, issued on the 21st February, 1823, and a *fiat* thereon entered on 9th March, 1824.

That a *fieri facias* issued on the said judgment so revived on the 6th April, 1824, under which the sheriff levied on the said land called "*Palmer's Forrest*," and made the following return—"7th May, 1824, sold all the right of *John Dallam*, in and to all the lands mentioned and described in the schedule, filed with the writ to *William D. Lee* for $1,741.09, and satisfied plaintiff's attorney $1,102.17, exclusive of commissions, and satisfied sheriff the residue."

And the schedule referred to and returned with said *fieri facias*, described the lands so sold by the sheriff, as follows : "Part of a tract of land called "*Palmer's Forrest*," containing 325 acres, more or less ; also part of one other tract of land called "*Fox Harbor*," containing 27 acres, more or less. All which said land is now in the possession of the said *John Dallam*, appraised to $12 per acre."

It will also appear, that on the 12th May, 1824, (five days after the sale,) the said *John Dallam*, (the defendant in said *fieri facias*, and the party in possession of said land,) surren-

dered the complete possession thereof to the said *Lee*, the purchaser, and executed at same time a formal deed of surrender of the land so sold, describing said tract therein as "the farm on which I now live, called "*Palmer's Forrest*," containing 320 of land, more or less ;" that said *Lee*, the purchaser, continued in possession thereof from that time until his death, which happened in August 1828; that said *Lee*, before his death, duly made his last will, and devised the said land to his two sons, *John B. Lee* and *Alfred B. Lee ;* and that the appellee, as the tenant of said devisees, has been in possession of said land from the death of said *William D. Lee* to this time. It will also appear, that the said sheriff, on the 4th October, 1824, executed a deed to said *Lee*, the purchaser; and that on the 25th of June, 1836, the said sheriff executed another deed to the said devisees of the said *Lee*, for the purpose of conveying said land by a more accurate and certain description ; and therein the said land was fully set out and described by courses and distances.

The county court thereupon gave judgment for the appellee, who will insist that the same should be affirmed for the following reasons :

1st. Because the said *William D. Lee*, under whom the said appellee claims, purchased the said land under a *fieri facias* duly issued and executed, on a judgment older than the mortgage under which said appellant claims.

As to the character of the lien on lands at common law arising from judgment, 2 *Cru. Dig.* 73; and that the execution relates to the judgment. 1 *Comyn. Dig.* 245, *Ex. Letter D.* 2 *Saunders R.* 8, *note k.*

A *scire facias* is not a new action. It is a judicial writ founded on matter of record. A release of all executions is a good bar to a *scire facias.* In no case where the original defendant is alive; where there is no act by law divesting him of all his rights, as in bankruptcy or marriage, has it been held necessary to warn any person claiming a part of the defendant's property to come in and defend a *scire facias.* A *terre tenant* need not be warned in conjunction with the original defendant.

The defendant's interest must be gone and extinguished entirely, before other parties are to be brought in. 2 *Saun. Rep.* 72, *note y.* Death is the only case in which a *terre tenant* is necessary on a *scire facias.* 13 *Law,* 54. 2 *Bin.* 228. *Wilson vs. Watson,* 1 *Peter C. C. R.* 269, contains a lucid review of the *English* cases on this subject. 7 *Law Lib.* 136, 137. 13 *Law Lib.* 69. *Jackson vs. Bartlett,* 8 *John.* 361. *Barney vs. Patterson,* 6 *Harr. & John.* 204.

2nd. That the sheriff's return of said sale, accompanied as it was by the immediate transfer of possession, and the other circumstances indentifying the land sold, is not so defective as to avoid the sale, and authorize the appellant to recover the land in this action.

The sheriff's return is not incurably defective, but is sufficient *per se,* to pass the title. The land is identified by the words actual possession of *John Dallam.* This makes the return certain. Actual possession may be located and conveyed. *Fenwick vs. Floyd,* 1 *Harr. & Gill,* 172. *Berry vs. Griffith,* 2 *Harr. & Gill,* 337. *Clark vs. Belmear,* 1 *Gill & John.* 444.

3rd. That if the said return is so defective, any such defects are abundantly healed by the two deeds which said sheriff subsequently executed. *Estep & Hall vs. Weems,* 6 *G. & J.* 303. *Carroll vs. Norwood,* 5 *H. & J.* 173.

R. Johnson, also for the appellee, insisted—

1. That the sheriff's sale duly returned gives the purchaser title.

2. Whatever is *levied* upon, however insufficient in description, may be sold, and the description amended by the subsequent proceedings; from these principles it results.

3. That the purchaser may look at all the proceedings emanating officially from the sheriff. He may look at the return to this *fieri facias.* The return to the *venditioni exponas:* and lastly, to the deed, whenever executed. The purchaser does not claim under the deed, but under all the proceedings, to identify what was *originally* seized.

4. The purchaser's title is a judicial conveyance. The deed when it is a judicial conveyance, comprises all the proceedings from judgment down. The whole constitutes the conveyance. It is valid or invalid, on the ground of uncertainty, like all other conveyances.

Is not the title sufficient under the return of the *fieri facias* alone? Its language is sufficient to validate a deed between parties. The action is brought for *Palmer's Forrest*. It is sufficiently identified by the return that on principles of location, the purchased part might be located. The degree of certainty depends upon the fact of whether, with the description the parts sold can be located. A part of that tract was certainly purchased. Who has the paramount title to that part—the part "now (then) in the possession of *John Dallam.*" If those words exclude all other portions of *Palmer's Forrest*, except the 325 acres claimed, then it is conceded that they refer only to the part in his possession. The 325 acres are then identified. The question is the same as on a deed from *John Dallam.* If he had so conveyed the part, could it be located? If ambiguity arises upon matter out of the return or deed, it may be cleared up by proof. There is no evidence to show the contents of *Palmer's Forrest;* nor proof of any more land in his possession. *Dallam* admits by his deed that *Lee* purchased all of *Palmer's Forrest*, which he *Dallam* then had. The plaintiff's own title is a conveyance; is *for* just the same quantity of 325 acres. All the proof confirms the fact that 325 acres were in the possession of *Dallam.* The title is to be reasonably construed; and it is to be presumed the sheriff acted rightfully. This is for the advantage of both parties. Before this return can be vacated, the court must interpolate words giving it another meaning. Under ordinary construction, it is certain enough. It is a seizure of what defendant had in his possession. Every word of the return must have its appropriate meaning. Then why did the return speak of possession at all? Why describe the part taken as, in possession—but for identification. If that be so, there is an end of this question. *Thomas vs. Turvey,* 1 *Harr. & Gill,* 435.

If there was any defect, then it was cured by the deed of 1836. It professes to be a deed of confirmation. In 1 *Harr. & Gill*, 174, this court says: "The sale may be proved by deed—or a return—or a memorandum to take the cause out of the statute of frauds." In 1 *Harr. & Gill*, 439, the question is put on the ground that affects an *ordinary* conveyance. That case does not exclude the right, to look at other proceedings than the return. There must be some written evidence of title. But the title itself depends on the fact of purchase. It does not decide that, all matter *dehors* is excluded from the consideration of the court; but that the particular matter, *dehors* relied on in that case was not sufficient. Not to be explained by matters *dehors*, means *dehors* in a legal sense. *Clark vs. Belmear*, 1 *Gill & John.* 444. *Hanson vs. Barnes' Lessee*, 3 *Gill & John.* 359, 368, 369.

The return was evidence of the sale; there was also a deed; both were sufficient. In *Estep and Hall vs. Weems*, 6 *Gill & John.* 303, an insufficient return on a *valid* sale, may be corrected by deed at any time, as legal evidence of the title. *Barney vs. Patterson*, 6 *Harr. & John.* 182, 204.

The law will not suffer the sheriff to do any thing to defeat the title. If the levy is certain on its face, or refers to some thing certain, it is sufficient. *Nesbit vs. Dallam*, 7 *Gill & John.* 484.

The purchaser may look to the sheriff's deed as well as to other portions of the papers returned.

Then is there any limitation of time, beyond which a defect may not be cured?

There is no injustice as to the intermediate incumbrancer, for equity would protect him, if an innocent purchaser without notice.

What is the case as between the defendant at law, and the purchaser of his property. He has the purchaser's money; for it has paid his debt. It is, as if he had bought from the defendant; as to him, there ought to be no limitation of time.

If the court would now oblige the sheriff to correct his return, and make it conform to the truth, it would seem strange

that he may not now do it voluntarily, for the purposes of this action. The court will enforce that done by the sheriff which they would have ordered him to do. There is no limitation but the officer's life.

This judgment is a prior lien. The case in 3 *Bland*, 323, 324, as to effect of lien, is doubted. The act of 1785, chap. 80, sec. 7; 1798, chap. 101, sec. 8, sec 17 show the Chancellor's error as to judgments not being liens in *Maryland*, after a year and a day, or after *three* years. Questions of priority are settled by the dates of judgments. But the rule relied on at bar determines the question, not with reference to the date, but with reference to the right to sue out immediate execution. 2 *Tidd's Pr.* 1152. *Hanson vs. Barnes*, 3 *Gill & John.* 359. This lien springs from the judgment, not as an incident.

Besides our lien was in full force when the *Dallam* mortgage was executed in February 1822. We could then have executed without notice to his mortgagee. This is clear, and the defendant could not delay us by reason of that mortgage. *Wintringham vs. Wintringham,* 20 *John.* 296. *Taylor vs. Thompson,* 5 *Peters,* 372.

CONSTABLE for the appellant in reply—

The sheriff's final deed is evidence of the due execution of the power, and it is conclusive on that execution. His further acts are void.

The *Maryland* law is fully decided with the appellant on his second proposition. *Ridgely vs. Gartrell,* 3 *Harr. & McHen.* 450. 2 *Harr. Ent.* 763. The original defendants and *terre tenants* are joined in a *scire facias.* *McEldery vs. Smith,* 2 *Harr. & John.* 72.

The lien expires with the right to sue out execution. *Eppes vs. Randolph,* 2 *Call.* 152. *Gilb. Ev.* 12. *Nimmo. Ex. Commonwealth,* 4 *Hen. & Mun.* 68. *Scriba, et al vs. Deane, et al,* 1 *Brock,* 169. *Rankin and Schatzell vs. Scott,* 12 *Wheat.* 177. 5 *Cond. Rep.* 506. 2 *Brock,* 253. *Lee, et al vs. Stone and McWilliams,* 5 *Gill & John.* 19. *Miller vs. Allison,* 8 *Gill & John.* 38. *McMechen vs. Marman, Ib.* 73.

BY THE COURT—           JUDGMENT AFFIRMED.

NOTE. By the act of 1823, chap. 194, passed 19th February, 1824, it is enacted, "That on all judgments hereafter to be rendered in any county court, or by any justice of the peace, or in the Court of Appeals, a *fieri facias* or *capias ad satisfaciendum* may issue at any time within three years from the date of such judgments.