(Decided Oct. 3rd, 1861.)

---

# JAMES DENTON and Wife, *vs.* ISRAEL GRIFFITH.

To a bill of sale or mortgage, conveying certain slaves "*in consideration* of the sum of $1500," in hand paid by the grantee to the grantor, the grantee, in his affidavit thereto, states that the grantor "stands *justly indebted to him* in the sum of $1500, clear of all deductions." HELD:

That this conveyance is void as against creditors, under the Act of 1846, ch. 271, which provides that no mortgage or bill of sale *shall be valid,* except as against the grantor, &c., unless there be endorsed thereon the affidavit of the grantee, &c., "that the *consideration set forth* in such deed of mortgage or bill of sale is true and *bona fide, as therein set forth.*"

This Act does not provide that the affidavit may show some *bona fide* consideration, but intends that it shall appear, by the oath of the party taking the deed, that the consideration mentioned therein was the true cause of making it; the deed and the affidavit must show the same consideration.

APPEAL from the Equity side of the Circuit Court for Calvert county.

It is only necessary to state, in this case, that it appears from the record that the appellee recovered a judgment against the appellant, James Denton, and one Joseph Denton, in May 1847, for $825.73, with interest and costs, and that on the 8th of April 1848, the said James Denton executed a bill of sale conveying, absolutely and with warranty of title, to James D. Denton five named negro slaves, "*in consideration of the sum of $1500, current money,* to" the grantor "in hand paid by the grantee, at and before the seal-

ing and delivery of these presents, the receipt whereof'' the grantor does ''hereby acknowledge.'' The acknowledgment of the grantor states the same to be a *"bill of sale or mortgage,''* and the affidavit of the grantee states that he makes oath that the above ''named James Denton *stands justly indebted to him in the sum of $1500, clear of all deductions.*'' James Denton applied for the benefit of the insolvent laws in 1851, obtained his personal discharge, but does not appear to have obtained a final discharge. James D. Denton died in 1856, leaving a will, by which he devised one of the negro women mentioned in said conveyance, and her two children, since born, to the wife of the said James Denton.

On the 13th of April 1857, the appellee filed the bill in the present case against the appellants, the executors of James D. Denton, Joseph Denton, the other judgment debtor, and the trustee in insolvency of James Denton, alleging that said conveyance is either null and void, in consequence of the defect in the affidavit of the grantee or mortgagee therein, or else that it is to be regarded as a mortgage, and if so regarded and is not void, then that the mortgage debt has been paid, and praying for a decree subjecting the said property to the payment of the complainant's judgment.

The case was submitted upon bill, answers and testimony, and the court (BREWER, J.) decided that the conveyance must be considered as a mortgage, and that it was not void on account of the supposed defect in the affidavit, and passed a decree for a sale of the negroes, to pay the residue of the mortgage debt, if any, and then to pay the claim of the complainant, and other debts of the said James Denton, due at the time of his application for the benefit of the insolvent laws. From this decree the defendants, Denton and wife, appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*A. Randall,* for the appellants:

The bill of sale is, in its very language, an absolute un-

conditional sale of the slaves, with warranty of title, by vendor to vendee, and was not even necessary, under the circumstances, to pass the title, because there was a *sale and delivery* of the negroes at the time. But besides this, the bill of complaint does not charge fraud, mistake, or ignorance, in the execution of this absolute conveyance, or that the vendor contemplated taking the benefit of the insolvent laws, and executed it with a view to give an undue and improper preference, nor does the bill charge any other fact which would authorize the court to modify and change such an absolute instrument into a conditional one, nor does it pray for a decree to set the same aside; the court, therefore, can have no jurisdiction of the case.

*C. S. Parran*, for the appellee, argued:

1st. That this conveyance is void, as to the grantor's creditors at that date, whether it was intended by the parties thereto to be a bill of sale or mortgage, because the affidavit is not in accordance with the provisions of the Act of 1846, ch. 271, sec. 1. 16 *Md. Rep.*, 207, *Cockey vs. Milne.*

2nd. That if this conveyance is not void, because of the want of such an affidavit as is required by this Act, then it is to be considered a mortgage, and the appellee is entitled to a decree for the sale of the negroes therein mentioned. 5 *G. & J.*, 75, *Hicks vs. Hicks.* 6 *G. & J.*, 275, *Dougherty vs. McColgan.* 1 *Md. Ch. Dec.*, 179, *Clark vs. Levering.*

Tuck, J., delivered the opinion of this court.

This bill seeks to subject to the payment of the complainant's claim certain property mentioned in the instrument of the 8th of April 1848. Two grounds of equity are alleged in pleading, and relied on in argument: 1st, that the instrument is void under the Act of 1846, ch. 271; and 2nd, that if it be valid, notwithstanding this objection, it should be treated as a mortgage, or security for the payment of a previous debt due by James Denton to his father. It is prayed that the property may be sold for the payment of the grantor's debts, after an account of the alleged mortgage debt,

and satisfaction of any balance due.· There is no allegation of fraud, and that ground of relief was disclaimed in the argument.

The disposition which we feel constrained to make of the case, relieves the court from passing upon the pleadings and proofs as to the character and object of the deed; that is, whether it is an absolute bill of sale, or was merely designed to operate as a security for the debt of the grantor to the grantee.

The Act of 1846, ch. 271, provides that no deed of mortgage, or bill of sale, shall be valid, &c., except as against the mortgagor or grantor, &c., unless there be endorsed an affidavit of the mortgagee or grantee "that the consideration *set forth in such deed* of mortgage, or bill of sale, is *true and bona fide, as therein set forth.*" The purpose of this law was to prevent fraudulent transfers of property, upon false or pretended considerations, and to that end required an affidavit as to the truth and good faith of the consideration expressed in the deed. What effect that consideration might have in determining the character and operation of the instrument, is another question. Here the deed contains a money consideration, alleged to have been paid to the grantor, whilst the affidavit shows an indebtedness by one party to the other, without even stating that such debt was the consideration of the instrument, which might have been done if that was the design of the transaction, for a debtor may pay his debt, on agreement with the creditor, by a transfer of property. But we are dealing with a deed which is valid or void, under the Act of Assembly, according to the manner of its execution. It does not provide that the affidavit may show some *bona fide* consideration, but intends that it shall appear by the oath of the party taking the deed that the consideration mentioned therein was the true cause of making it. A deed executed in this way, appears to us to be within the mischiefs intended to be provided against by the Legislature, for frauds could be committed under cover of such instruments, which creditors might have no means of exposing. Looking to the body of the deed, the consideration might give it one character, and

that expressed in the affidavit another and quite different effect. It would be an absolute sale, or a mortgage, according as such discrepancy between the instrument and the affidavit might be viewed by the tribunal to pronounce upon it, when, as we think, the law requires they should show the same consideration.

This deed being void under the Act of Assembly, without reference to the question of fraud in fact—*Cockey vs. Milne,* 16 *Md. Rep.*, 200—it was no impediment to the complainant's proceeding at law against the property, and there is nothing before us on which jurisdiction in equity can be based. The bill of complaint must therefore be dismissed; but we express no opinion as to the question, whether there was sufficient parol evidence of a sale and delivery of the property in question? The only point decided being, that the bill does not state a case to give jurisdiction to a court of equity.

*Decree reversed, with costs.*

(Decided Oct. 3rd, 1861.)