(Decided 22nd April, 1874.)

---

## PARMENIO MARLOW and MARY MARLOW *vs.* ALPHEUS McCUBBIN.

*Sufficiency of the Affidavit of a Mortgagee—Article 24 sections 29 and 51 of the Code.*

Where a deed, on its face a mortgage, sets out clearly a specific indebtedness by the grantor to the grantee, and professes to be made solely to secure that indebtedness, the affidavit by the mortgagee that the consideration thus mentioned in the mortgage is *bona fide* as therein set forth, is a sufficient compliance with the requirements of sections 29 and 51 of Article 24 of the Code—it is not necessary that the affidant should state in the exact language of the Code, "that the consideration is *true and bona fide.*"

APPEAL from the Circuit Court for Frederick County, in Equity.

The bill of complaint in this case filed by the appellee on the 20th of June, 1870, alleged that in the year 1868, and prior thereto, the appellant, Parmenio Marlow, was indebted to the complainant in a large sum of money, and on the 10th day of May, 1869, the complainant obtained a judgment by default against the said Parmenio, which was extended on the 22nd of September, 1869, for $793.97 with interest and costs, and on the 27th a writ of *fieri facias* was issued on the judgment; that the *fieri facias* was levied upon certain chattels which were then, and had been for a long time previous, in possession of the said Parmenio. The bill further charged that at the time the suit was instituted, and down to the 31st of May, 1869, after the recovery of the interlocutory judgment, the property so levied upon and in his possession was liable to execution for his debts; and further, that the said Parmenio and the appellant, Mary Marlow, his mother, confederated to hinder, delay and defraud the complainant; that the said Parmenio pretending a purpose to secure a fictitious debt of $2075 from him to the said Mary executed to her, a deed of mortgage of said chattels, dated 31st May, 1869; that the debt was a simulated one, and the instrument was executed to prevent the said property from being taken in execution for the debt due the complainant by the said Parmenio; and that said mortgage was executed with the knowledge on the part of the grantor and grantee, that when the judgment obtained by the complainant was ripe for execution, *fieri facias* would be issued thereon. The bill relied upon the invalidity.of the said mortgage, as well because it was fraudulent in fact, as also by reason of the absence of a proper affidavit to the consideration, and the prayer was that the mortgage must be declared void, and that if it be not declared void, that the property might be sold and the proceeds distributed

under the order of the Court.    The mortgage and affidavit are set out in the opinion of this Court.

The defendant, answered and asserted the *bona fides* of the indebtedness from Parmenio to Mary Marlow, and that a mortgage had been executed by the former to the latter in May, 1867, which was found to be defective, and the mortgage of the 31st of May, 1869, was executed to secure the same debt.    All concert between them, or combination on their part, to defraud the complainant, was expressly denied.

The Court (LYNCH, J.,) on the 26th of May, 1871, passed a decree declaring the mortgage of the 31st of May, 1869, null and void as to the creditors of Parmenio Marlow. From this decree the defendants appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY, and ROBINSON, J.

*J. E. R. Wood*, for the appellants.

The affidavit of the mortgagee to the mortgage of the 31st of May, 1869, was sufficient in view of section 29 of Article 24 of the Code.    The omission of the word " *true*," was immaterial.

The objection in this case, is not similar to the objection to the affidavit in *Denton vs. Griffith*, 17 *Md.*, 301 ; nor is this case analogous to the case of *Cockey vs. Milne's Lessee*, 16 *Md.*, 201, where there was no affidavit whatever by the mortgagee.    In this case, it is impossible to see how the consideration of the mortgage can be " *bona fide as therein set forth* " unless it be *true;* and therefore, the provision of the Code has been substantially complied with, and the omission is the mere casual omission of a word which would not strengthen its meaning or import.    See—*Hollingsworth vs. McDonald*, 2 *H. & J.*, 237 ; *Webster's Lessee vs. Hall*, 2 *H. & McH.*, 22 *and* 23.    The Act of Assembly must be *substantially* complied with ; *Lewis' Lessee vs.*

*Waters,* 3 *H. & McH.,* 432 ; *Hoddy's Lessee vs. Harryman,* 3 *H. & McH.,* 583, 584 and 591 ; 1 *H. & J.,* 751 and 752.

Even if this Court shall decide that such strict verbal compliance with the language of the Code is necessary, as makes the use of the word *"true"* absolutely requisite, then the bill of complaint should have been dismissed by the Court below—the mortgage being *void at law,* and presenting no obstacle to the enforcement of the appellee's *fi. fa.* in a Court of Law. *Denton vs. Griffith,* 17 *Md.,* 305.

*William A. Fisher,* for the appellee.

The mortgage was absolutely void against the creditors of Parmenio Marlow, inasmuch as the affidavit to the consideration was not in compliance with the plain requirements of the statute. *Denton and Wife vs. Griffith,* 17 *Md.,* 301 ; *Cockey vs. Milne's Lessee,* 16 *Md.,* 201 ; *Johnston vs. Canby,* 29 *Md.,* 211.

The application on the part of the appellee was properly made to a Court of Equity. The deed in question operated as a cloud upon the title to the property, which the complainant might well call upon the Court to remove.

The bill was filed also with a double aspect, and looked as well to the possibility of the instrument being sustained, as of its being declared void, and if it should be declared valid, it was the right of the complainant to have the property sold under a decree of the Court, inasmuch as it could not be reached by the execution.

MILLER, J., delivered the opinion of the Court.

In our opinion the only question that need be determined in this case is, whether the mortgage executed by Parmenio Marlow to his mother Mary Marlow is valid as against the creditors of the mortgagor or not? The sole ground upon which its invalidity, in this respect, has been placed, is that no such affidavit thereto has been made by

the mortgagee as is required by sections 29 and 51 of Article 24 of the Code, which provide in effect that "no bill of sale or mortgage of personal property shall be valid, except as between the parties, unless the bargainee, or vendee, or mortgagee, or some one of them, or the agent of some one of them, shall make affidavit to be endorsed thereon, that the consideration in said bill of sale or mortgage is true and *bona fide* as therein set forth." The instrument in question is as follows :

"This mortgage made this 31st day of May, in the year 1869, by me, Parmenio Marlow of Frederick County, and State of Maryland : witnesseth, that I, the said Parmenio Marlow being now *indebted* to Mary Marlow of said County and State *in the sum of* $2075, *the amount of my bond which she, the said Mary Marlow, holds against me for said amount, dated the 3rd day of April, 1869, and made due and payable on the 1st day of April, 1870,* and in order to secure to the said Mary Marlow the full payment of said $2075, and the interest thereon when due, I, the said Parmenio Marlow, do grant unto the said Mary Marlow the following property, which I have in and about the premises I now occupy as tenant of the said Mary Marlow, viz:" (then follows a description of the property conveyed, consisting of horses, cattle and other stock, farming implements, farm produce and growing crops, and household and kitchen furniture,) "*provided*, that if I, the said Parmenio Marlow, shall fully pay or cause to be paid to the said Mary Marlow the said sum of $2075, and the interest thereon in full when the same shall be due, then this mortgage shall be void and of no effect, otherwise to remain in full force and virtue." The acknowledgment by the mortgagor before a Justice of the Peace is in due form and the affidavit of the mortgagee is as follows : "and at the same time before me, also personally appeared, Mary Marlow and made oath on the Holy Evangely of Almighty God, that the *consideration mentioned in the* foregoing mortgage is *bona fide as therein set forth.*"

This Court has frequently declared it was the purpose of this statutory provision to prevent fraudulent transfers of property upon false or pretended considerations, and not only thus to protect creditors against frauds, but also to enable them to claim against such instruments when executed without the required affidavit as void *in law*, no matter how the question of *actual fraud* may stand. *Cockey vs. Milne's Lessee,* 16 *Md.,* 207. But it has never been decided there must be an *exact* and *literal* following or incorporation of the *words* of the statute in the affidavit or otherwise it will be insufficient. On the contrary a substantial compliance, a compliance which meets and subserves the purpose and design of the Act is all that the law requires. This doctrine has been firmly established by numerous decisions of this Court in similar and analogous cases, from its organization to the present time. Without reviewing them in detail we refer among others, to the cases of *Hollingsworth vs. McDonald,* 2 *H. & J.,* 237; *Hall vs. Gittings,* 2 *H. & J.,* 380; *Beale vs. Lynn,* 6 *H. & J.,* 355; *Young vs. The State,* 7 *G. & J.,* 253; *Warner vs. Hardy,* 6 *Md.,* 525. and *Friend vs. Hamill,* 34 *Md.,* 302.

A careful examination of the case of *Denton vs. Griffith,* 17 *Md.,* 301, upon which the learned Judge of the Court below rested his decision, that the present affidavit was insufficient, has convinced us that that case does not warrant the conclusion he has drawn from it. There the instrument on its face was an absolute bill of sale, in consideration of $1500 current money, paid by the grantee to the grantor, and the affidavit of the former was simply that the grantor "stands justly *indebted* to him in the sum of $1500 clear of all deductions." In passing upon the sufficiency of this affidavit the Court, after stating in general terms that the purpose of the statute was to prevent fraudulent transfers of property upon false or pretended considerations, and to that end required an affidavit to the truth

and *bona fides* of the consideration expressed in the deed, proceed to consider the particular affidavit and its defects, and they say: "Here the deed contains a money consideration alleged to have been paid to the grantor, whilst the affidavit shows an *indebtedness* by one party to the other *without even stating that such debt was the consideration of the instrument,* which might have been done if that was the design of the transaction, for a debtor may pay his debt on agreement with the creditor, by a transfer of property." Then follows the true point of the decision as authority, thus: "The Act does not provide that the affidavit may show *some bona fide* consideration, but intends that it *shall appear* by the oath of the party taking the deed, that the consideration mentioned therein was the *true cause of making it.* A deed executed in this way appears to us to be *within the mischiefs* intended to be provided against by the Legislature, for frauds could be committed under cover of such instruments which creditors might have no means of exposing. Looking to the body of the deed the consideration might give it one character and that expressed in the affidavit another and quite different effect. It would be an absolute sale or mortgage, according as such discrepancy between the instrument and affidavit might be viewed by the tribunal to pronounce upon it, when, as we think, *the law requires they should show the same consideration.*"

The point of that case is that the deed and affidavit must show the same consideration, and that it should appear by the affidavit that the consideration mentioned in the deed was the true cause of making it. Is it not thus plainly shown and made to appear in the case before us? Here the deed, upon its face, is a mortgage. It sets out clearly a specific indebtedness by the grantor to the grantee, and professes to be made solely to secure that indebtedness. The affidavit then states that the consideration thus mentioned in the mortgage is *bona fide as therein set forth.* There is not only no discrepancy between the two by which

Marlow *vs.* McCubbin.

the deed could be made absolute or a mortgage as it might be viewed by a Court of Justice, but to our apprehension the terms of the affidavit include a plain averment that the consideration as set forth in the deed was the true and only cause of its being made. The insertion of the word "true" would, in our opinion, impart to the affidavit no additional substance or force. The consideration mentioned in the instrument, if fabricated and false, could not be *bona fide*, nor if untrue could it be therein set forth in good faith. We think it very clear, (and indeed it was so conceded by the appellant's counsel in argument) that falsity in the consideration as stated in this mortgage, would warrant the assignment of perjury upon this affidavit. It therefore appears to us to be a substantial compliance with the requirements of the statute, and in thus determining it to be sufficient, we do not consider that we shall be opening the door to any of the mischiefs which this provision of the Code was enacted to prevent, or to the commission and concealment of frauds by dishonest parties to the prejudice of honest creditors. This is a danger always to be most carefully guarded against by the Courts, but, in our judgment, we could not pronounce this affidavit insufficient without adopting (as in view of the authorities we cannot) the sharp and harsh rule that the very words of the statute must in all cases be adopted and used.

Having thus determined the mortgage to be valid it follows that the decree appealed from, which annuls it as to creditors, must be reversed and the appellee's bill dismissed. We place the reversal on this ground alone, without expressing any opinion whether a Court of Equity would have any jurisdiction in this case even if the mortgage was void as to creditors.

*Decree reversed and
bill dismissed.*

(Decided 22nd April, 1874.)

ALVEY, J., delivered the following dissenting opinion:

I cannot assent to the opinion of the majority of the Court in this case.    I am decidedly of the opinion that the affidavit to the mortgage in question is fatally defective.    The law (Code, Art. 24, secs. 29 and 51) requires the mortgagee to make an affidavit, to be endorsed on the mortgage, "that the consideration in said mortgage *is true* and *bona fide* as therein set forth;" and without such affidavit no mortgage is valid except as between the parties thereto.    In the affidavit to the mortgage before us it is simply stated that the consideration mentioned in the mortgage is *bona fide* as therein set forth, omitting, and without any equivalent term, the word "true."    In my opinion this omission is not supplied by the words "*bona fide*," used in the affidavit.    The good faith of a transaction, in the sense that the consideration for it is not feigned or pretended, is one thing, and the truth of it, in regard to its accuracy and correctness as stated, and as being the true cause of making the deed, is another and a different thing; and as the Legislature has thought proper to require that the affidavit shall be made as to both the truth and the *bona fides* of the consideration as set forth in the instrument, I do not think that the Courts should relax the requirement in any particular; as by so doing they are in danger of defeating the purpose of the Legislature.    The safer course is certainly to hold to a strict compliance with the statute; and I think that has been the conclusion of this Court as expressed in the case of *Denton and Wife vs. Griffith,* 17 *Md.*, 301.    There, in speaking of the requirement of the Act of 1846, chapter 271, codified in the sections of the Code before referred to, the Court said: "It (the Act) does not provide that the affidavit may show some *bona fide* consideration, but intends that it shall appear by the oath of the party taking the deed that the consideration mentioned therein was the true cause of making it."

And being of opinion that the affidavit to the mortgage is thus defective, I am further of opinion that the mort-

gage cannot be set up even as a contract, as against the creditors of the mortgagor; that the mortgage being void as to creditors, it would defeat the policy and object of the Legislature to allow it to be set up on the footing of a contract for a lien or mortgage, as against creditors without notice. This would seem to be fully decided by the cases of *Cockey vs. Milne's Lessee*, 16 *Md.*, 200, and *Nelson vs. Hagerstown Bank*, 27 *Md.*, 73.