HENRY F. RESSMEYER, Trustee. Assignee of Minnie V. Tebbetts, Second Mortgagee of Charles C. Tebbetts, *vs.* CHARLES A. NORWOOD.

*Mortgage : consideration; bona fides; affidavit. Husband and wife : conveyances between—; deeds in defraud of creditors. Scire facias : Sheriff's return; description of land seized; sufficiency. Bankruptcy : lien of attaching creditors.*

The mortgage executed by a man to his wife stated the amount of the debt to be due her; and one of the conditions of the mortgage was that the mortgagor should pay the principal sum and interest when it became due, according to the terms of a bond alleged in the mortgage to have been given by the husband to the wife; the affidavit made by the wife, as mortgagee, and endorsed upon the mortgage in due form, specially stated that the consideration set forth in the mortgage was true and bona fide. It appeared, however, from undisputed evidence, that there was in fact no money due by the husband to the wife, but that the mortgage was executed for the purpose of being assigned to an assignee to secure certain specific creditors to whom the husband, the mortgagee, was indebted in that amount named in the consideration of the mortgage. *Held,* that the mortgage, independent of any question of actual or intentional fraud by the

parties to it, was, under Art. 21, sec. 30, of the Code, void
and invalid in law as against the creditors of the mortgagor.
p. 331

Such an instrument is void as to all persons except the parties
to it.                                                    p. 330

Such a mortgage can not be sustained as a mortgage of indem-
nity.                                                     p. 333

The assignee of such a mortgage is in the same position as the
assignor and has no better claim.                        p. 332

No acquisition of property passing from a husband to the wife
after coverture is valid if made or granted to her in preju-
dice of the rights of subsisting creditors; and a deed made
by a husband to a wife for a simulated consideration is
treated as a fraud upon his creditors.                   p. 333

Even though treated as an assignment for the benefit of certain
creditors of the grantor, this conveyance is still void, as
against attaching creditors, because its legal effect, purpose
and intent was to delay and defraud creditors.           p. 333

A sheriff's return gives a sufficient description of the property
attached to identify the land seized, and to lay a proper
foundation for the judgment of condemnation, when it is
couched in the following terms: 1st. All that lot of ground
containing 40 acres of land more or less; 2nd. All that lot of
ground containing 192 acres of land more or less. All the
above property situated in Woodville District, Frederick
county, Maryland, and improved with two frame dwelling
houses, two barns, etc., and have made known unto tenants
on said farm to appear before said Court on the first Mon-
day in January, 1909.                                    p. 334

Where the liens of attaching creditors were obtained more than
four months prior to the institution of proceedings in bank-
ruptcy they are valid as against the trustee.            p. 334

*Decided January 31st, 1912.*

Appeal from the Circuit Court of Frederick County, in
equity. (Peters and Motter, JJ.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-BRIDGE, JJ.

*Glen H. Worthington* (with whom was *Clayton O. Keedy* on the brief) for the appellant.

*Albert S. Brown,* for Albert Maynard, a creditor; *M. G. Urner,* for Baker and Sentz, creditors (with whom were *Benjamin F. Reick* and *Urner & Urner* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The fund here in controversy is the surplus proceeds arising from the sale of mortgaged real estate, situate in Frederick county, and owned by Charles C. Tebbetts, of Washington City, D. C.

The surplus in dispute is claimed on the one part by the appellant, as assignee of an alleged second mortgage on the property, and on the other by certain creditors of the mortgagor, under attachment proceedings, in the Circuit Court for Frederick County.

The property was sold on the 12th day of May, 1909, under the first mortgage, and after the payment of the mortgage debt, interest and costs of the sale, the residue of the proceeds of sale was distributed in the proceedings, by Auditor's Account A, to Henry F. Ressmeyer, the assignee of the second mortgage and by Auditor's Account B, to certain creditors of the mortgagor, under their attachments.

There were exceptions filed to each of these auditor's accounts, by the parties in interest in the Court below, and from an order of the Circuit Court for Frederick County sustaining exceptions to and rejecting Account A, and finally ratifying and confirming Account B, with certain modifications this appeal has been taken.

The facts of the case, upon which the appellant and appellees base their claims and contentions, are fully set out in the record and briefly stated are these:

Charles C. Tebbetts and Minnie V., his wife, on the 10th day of July, 1906, conveyed by deed of mortgage to Charles A. Norwood, of Frederick county, certain tracts of land, containing 234 acres, more or less, situate and lying in that county to secure an indebtedness of $6,500. The real estate was sold under this mortgage, and the surplus proceeds of sale, as we have said, is the fund here in controversy.

On the 23rd day of May, 1908, Charles C. Tebbetts and Minnie V. Tebbetts, his wife, as parties of the first part, conveyed by way of second mortgage, to Mrs. Tebbetts, the wife, as party of the second part, the identical property as described in the first mortgage to Norwood.

. The second mortgage recites that whereas Charles C. Tebbetts is justly indebted to the party of the second part, in the sum of six thousand six hundred and fifty-seven ($6,657.00) dollars, lawful money of the United States, secured to be paid by his certain bond or obligation bearing even date herewith in the penal sum of thirteen thousand three hundred and fourteen dollars ($13,314.00) and conditioned for the payment of the sum of six thousand six hundred and fifty-seven ($6,657.00) dollars on the first day of January, 1910, and for the better securing of this sum of money mentioned in the condition of the bond, and also in consideration of ten dollars, paid by the party of the second part conveyed the real estate mentioned therein, upon the terms and conditions therein set forth.

On the same day of the execution of the mortgage Mr. Tebbetts gave and delivered to his wife, Mrs. Tebbetts, the bond or obligation mentioned in the mortgage, which recites:

"*Know All Men by These Presents*: That I, Charles C. Tebbetts, of the City of Washington, in the District of Columbia, am held and firmly bound unto my wife, Minnie V. Tebbetts, of the same place, in the penal sum of thirteen thousand

three hundred and fourteen dollars ($13,314.00), lawful money
of the United States, to be paid to her, her executors, admin-
istrators or assigns, for which payment, to be made, I bind
myself, my heirs, executors and administrators firmly by these
presents.   Sealed with my seal, dated the 23rd day of May,
one thousand nine hundred and eight.

The condition of the above obligation is such, that if the
above bounden Charles C. Tebbetts, his heirs, executors or
administrators, shall pay, or cause to be paid, to the above
named Minnie V. Tebbetts, her executors, administrators or
assigns, the sum of six thousand six hundred and fifty-seven
dollars ($6,657.00) on the first day of January, 1910, and the
interest thereon to be computed from the date hereof, then
the above obligation shall be void, otherwise to remain in full
force and virtue.

CHAS. C. TEBBETTS (Wafer Seal.)
Witness, LAWRENCE HUFTY."

The mortgage was properly executed by Mr. and Mrs.
Tebbetts, and was duly recorded on the 28th day of May,
1908, among the land records of Frederick county. To
the mortgage was also attached a certificate by a notary
public of the District of Columbia, that Mrs. Tebbetts,
the mortgagee, appeared and made oath in due form of law
that the consideration named in the mortgage was true and
bona fide as therein set forth, that she had not required
the mortgagors or any person for them to pay the tax levied
on the interest covenanted to be paid in advance nor would
she require the same, or any tax levied thereon, to be paid
by the mortgagors, or any person for them during the exist-
ence of the mortgage.

It also appears that on the day of the execution of the
second mortgage, Mrs. Tebbetts executed and delivered to the
appellant, Ressmeyer, of the City of New York, a deed of
assignment of this mortgage and of the bond duly acknowl-
edged before a notary public of the District of Columbia.
The assignment is as follows:

*"Know All Men by These Presents*: That I, Minnie V. Tebbetts, the wife of Charles C. Tebbetts, of the City of Washington, District of Columbia, party of the first part, in consideration of the sum of ten dollars, and other valuable considerations, lawful money of the United States, to me in hand paid by Henry F. Ressmeyer, of the City of New York, party of the second part, the receipt whereof is hereby acknowledged have granted, bargained, sold, assigned, transferred and set over and by these presents do grant, bargain, sell, assign, transfer and set over unto the said party of the second part, a certain indenture of mortgage, bearing date the 23rd day of May, in the year one thousand nine hundred and eight, made by said Charles C. Tebbetts and Minnie V. Tebbetts, his wife, together with the bond or obligation therein described, and the money due or to grow due thereon, with interest to date, and to hold the same unto the said party of the second part, his heirs, executors, administrators and assigns forever, subject only to the proviso in the said indenture of mortgage mentioned.

And I do hereby make, constitute and appoint the said party of the second part my true and lawful attorney irrevocable in my name or otherwise, but at his proper cost and expense, to have, use and take all lawful ways and means for the recovery of the said money and interest, and in case of payment, to discharge the same as fully as I might or could do if these presents were not made.

In witness whereof, I have hereunto set my hand and seal the 23rd day of May, 1908.

                    MINNIE V. TEBBETTS (Wafer Seal.)
Sealed and delivered in the presence of—
    LAWRENCE HUFTY."

On the 23rd day of May, 1908, the date of the second mortgage, the following agreement in writing was made and entered into between Charles C. Tebbetts, Minnie V. Tebbetts, his wife, and Henry F. Ressmeyer, and duly acknowledged before a notary public.

"Agreement made and entered into this 23rd day of May, 1908, at the City of New York and State of New York,

between Charles C. Tebbetts, of the City of Washington, District of Columbia, party of the first part; Minnie V. Tebbetts, his wife, of the same place, party of the second part, and Henry F. Ressmeyer, of the City of New York, State of New York, party of the third part, witnesseth:

That whereas said party of the first part is indebted to the firm of Aitken, Son & Co., of New York City, in the sum of $3,835.00; to Leon Rheims Co., of New York City, in the sum of $926.00; to H. Herrmann, conducting the business of a milliner in the City of New York, in the sum of $1,258.00; to the Second National Bank of the City of Washington, District of Columbia, in the sum of $800.00; to the firm of Moreland Bros., of said City of Washington, in the sum of $475.00, and to Saks Fur Co., of said City of Washington, in the sum of $363.00, making a total indebtedness in the sum of $6,657.00; and,

Whereas the said party of the first part desires his said creditors to abstain from taking legal proceedings to enforce the collection of their several demands, and as an inducement the said party of the second part has agreed to guarantee the payment of said demands, and it has been agreed upon between the parties hereto that a certain farm belonging to the party of the first part located in Frederick county, Maryland, shall be mortgaged in an amount equal to the aggregate sum of said various demands, which mortgage shall be executed by the party of the first part to the party of the second part and shall be assigned by the party of the second part to the party of the third part, with the understanding that the said assignment shall be considered an assignment in trust, and that the said party of the third part shall out of the proceeds of said mortgage or the bond accompanying the same, satisfy the said demands, or should the proceeds thereof not be sufficient then pro rate the proceeds among said several demands proportionate to the size thereof.

Now, therefore, in consideration of the premises and the sum of one dollar by each of the parties to the other in hand paid, the receipt whereof is hereby acknowledged, it is hereby covenanted and agreed by and between the parties hereto, as follows, to wit:

First: The party of the second part hereby guarantees the payment of said several demands at the times the same may

fall due and payable as per notes now outstanding or hereafter to be given.

Second: The party of the first part agrees to deliver to the party of the second part a bond in the penal sum of $13,314.00 secured by a mortgage on his farm in Frederick county, Maryland, to secure the payment of said aggregate indebtedness of $6,657.00, to be paid to the said party of the first part on the 1st day of January, 1910.

Third: The said party of the second part agrees immediately upon receipt thereof to transfer said bond and mortgage to said Henry F. Ressmeyer and also to deliver to said Henry F. Ressmeyer the said original mortgage and bond.

Fourth: The said Henry F. Ressmeyer agrees to record said mortgage but not to record said assignment of said mortgage, with the understanding that the said party of the third part shall have the right to record said assignment of said mortgage in case any default shall be made in any payments of the notes or demands, or in case judgment shall be recovered against either the party of the first part or second part or bankruptcy proceedings be commenced against them, or either of them.

Firth: The said party of the third part shall hold the said bond and mortgage as trustee during his life, for the following uses and purposes, to wit: To receive the money which may become due thereunder and to divide the same pro rate and in proportion to the various claims and demands above set forth, among the owners of said demands and if necessary to foreclose said mortgage with the understanding that all expenses shall first be paid out of the proceeds thereof.

It is further understood that any and all payments that may be made by the party of the first or second part to any of the aforesaid creditors shall first be deducted from the share of such creditors which may become due him out of the proceeds of said mortgage.

In witness whereof the parties have hereto set their hands and seals the day and year first above mentioned.

CHARLES C. TEBBETTS (Seal)<br>
MINNIE V. TEBBETTS (Seal)<br>
HENRY F. RESSMEYER (Seal)

Test:

LAWRENCE HUFTY,
ROBERT G. HUNTER.

Mr. Tebbetts on the 23rd day of May, 1908, the date of the mortgage, made the following affidavit, which is filed as an exhibit in the case:

"DISTRICT OF COLUMBIA, *ss.*:

I, Charles C. Tebbetts being duly sworn, depose and say that I am the owner of a certain farm more particularly described in a certain indenture of mortgage to be delivered by me simultaneously with the execution of this affidavit to Minnie V. Tebbetts, my wife, and which is to be assigned to Henry F. Ressmeyer, of New York City, to secure various demands against me, and I further depose that there are no liens or encumbrances on said property, except a first mortgage now held by Charles A. Norwood for $6,500.00, the interest on which is all paid up to January 1st, 1908, this affidavit being made for the purpose of inducing the firms of Aitken, Son & Co.; Leon Rheims Co., and others to abstain from taking legal proceedings for the collection of their several demands against me.

CHAS. C. TEBBETTS."

Sworn to before me this 23rd day of May, 1908.

LAWRENCE HUFTY,

Notary Public, District of Columbia.

(Place of Notarial Seal.)

While the deed of assignment of the mortgage was executed on May 23rd, 1908, it was not recorded until April 29th, 1909, and the agreement between the parties, Exhibit X and the affidavit Exhibit Y were not filed in the case until December 17th, 1910.

The appellees, the attaching creditors claim under three writs of attachments issued on the 19th and 22nd of December, 1908, and on the 23rd of January, 1909, and levied upon the lands of the mortgagor, as a non-resident debtor. On the first day of February, 1909, judgments of condemnation *nisi* were entered on these attachments.

Charles C. Tebbetts was adjudged a bankrupt, on the 10th day of August, 1909, in the Supreme Court of the District

of Columbia, and one Lucas P. Loving, was appointed and qualified as his trustee in bankruptcy.

Upon the facts thus stated, the appellant contends: 1, that the schedule returned by the sheriff in the three attachment cases is insufficient for want of accuracy of description of the property attached; 2, that the mortgage of May 23rd, 1908, was a good technical mortgage, valid and binding on all persons concerned, and the assignment thereof was likewise a good assignment in fulfilment of the agreement made same day between the parties thereto and Charles C. Tebbetts; and, 3, that even if the mortgage of date May 23rd, 1908, were not a good technical mortgage, yet taken in connection with all the papers executed at the same time, it is good as against the appellees as an equitable mortgage, or as an assignment for the sale of property upon a contingency for the benefit of creditors.

Upon the part of the appellees, it is conceded, that if the mortgage to the wife, is legal and valid, being prior in date, to the liens acquired by the attaching creditors, the appellant is entitled to the fund in controversy.

It is, however, earnestly insisted upon their part, that both the mortgage and its assignment to the appellant, Ressmeyer are fraudulent and void as against the attaching creditors and if this be so it is asserted they are entitled to the fund under the liens secured, upon the property.

Now, the principles of law which control and govern Courts of justice in the consideration of instruments of writing of the character of the mortgage and of the assignment, set out in the record now before us, are settled and well defined.

In the case at bar, the consideration stated in the mortgage, is a debt of $6,657.00 due from Mr. Tebbetts, the mortgagor, to Mrs. Tebbetts, his wife, the mortgagee, and one of the conditions is, that the mortgagor should pay this sum of money and the interest thereon, when it should become due according to the bond or obligation given by the husband to the wife. The affidavit made by Mrs. Tebbetts to the mort-

gage, and endorsed thereon, specially states, that. the consideration set out in the mortgage is true and *bona fide* as therein stated.

According to the undisputed evidence, and specially the agreement between the parties and the assignee made and entered into on the very day the mortgage was executed, it appears, that the real and true consideration for the mortgage was not a *bona fide* debt from the husband to the wife, as stated therein, but that the mortgage was executed for the purpose of being assigned by Mrs. Tebbetts, mortgagee, to Mr. Ressmeyer the assignee to secure certain special creditors of the mortgagor.

By section 30, Article 21, Code of Public General Laws it is provided, that no mortgage shall be valid except as between the parties thereto, unless there be endorsed thereon an oath or affirmation of the mortgagee that the consideration in said mortgage is true and *bona fide* as therein set forth.

In *Denton* v. *Griffith,* 17 Md. 301, this Court in passing upon this section of the Code, said, "the purpose of this law was to prevent fraudulent transfers of property upon false or pretended considerations and to that end required an affidavit as to the truth and good faith of the consideration expressed in the deed. Here the deed contains a money consideration, alleged to have been paid to the grantor, whilst the affidavit shows an indebtedness by one party to the other, without even stating that such debt was the consideration of the instrument, which might have been done if that was the design of the transaction, for a debtor may pay his debt, on agreement with the creditor, by a transfer of property. But we, are dealing with a deed which is valid or void, under the Act of Assembly, according to the manner of its execution. It does not provide that the affidavit may show some *bona* fide consideration, but intends that it shall appear by the oath of the party taking the deed that the consideration mentioned therein was the true cause of making it. A deed executed in this way, appears to us to be within the mischiefs intended to be provided against by the Legis-

lature, for frauds could be commited under cover of such instruments, which creditors might have no means of exposing. Looking to the body of the deed, the consideration might give it one character, and that expressed in the affidavit another and quite a different effect. It would be an absolute sale, or a mortgage, according as such discrepancy between the instrument and the affidavit might be viewed by the tribunal to pronounce upon it, when, as we think, the law requires they should show the same consideration."

In *Cockey* v. *Milne*, 16 Md. 200, it was held, that the want of the affidavit, under the act, was fatal to the validity of the mortgage, whether it be assailed by a creditor or a subsequent *bona fide* purchaser. The act avoids the instrument as to all persons except the grantor. In our opinion, said the Court, the act was designed not merely for the prevention of fraud, but for the benefit of creditors who may claim against such an instrument as void in law, under the act, however, the question of actual fraud may stand. In that case, *supra*, the title of the appellee, acquired under the attachment proceedings, was held good against any title asserted under the mortgage. *Charles* v. *Clagett*, 3 Md. 82; *Fouke* v. *Fleming*, 13 Md. 392; *Waters* v. *Dashiell*, 1 Md. 455; *Nelson* v. *Hagerstown Bank*, 27 Md. 51.

In *Marlow* v. *McCubbin*, 40 Md. 132, JUDGE MILLER, in delivering the opinion of the Court, said, the consideration mentioned in the instrument, if fabricated and false, could not be *bona fide*, nor if untrue could it be therein set forth in good faith.

We, therefore, hold upon the authorities cited and for the reasons stated, that the mortgage in the case at bar is void and invalid, in law, under section 30, Article 21 of the Code, as against the creditors of the mortgagor, independent of the question of actual or intentional fraud upon the part of the parties to it.

Holding, then, that the mortgage is not valid as against the creditors of the mortgagor, for the reasons stated, it is quite clear, that the assignee of the mortgage stands in the

same position as the assignor, and has no better claim than the assignor. *Cumberland Coal Co.* v. *Parish*, 42 Md. 614; *Avirett* v. *Barnhart,* 86 Md. 546.

The deed in this case being strictly and technically a mortgage within the meaning of the Code, it is clearly subject to its provisions, and this being so, we think the statute for the reasons given avoids the instrument as to all persons except the parties thereto. *Cockey* v. *Milne,* 16 Md. 200; *Nelson* v. *Hagerstown Bank,* 27 Md. 73; *Marlow* v. *McCubbin,* 40 Md. 132; *Snowden* v. *Pitcher,* 45 Md. 260; *Belknap* v. *Wendell,* 11 Foster, 101.

Nor do we think, under the facts and circumstances of the case, that the mortgage can be upheld and sustained as a mortgage of indemnity.

Mr. Hillard in his work on *Mortgages,* 2 Vol. 369, says, Although a note for a given sum may be valid as an indemnity for a contingent liability, if a mortgage is given to secure such note, the true character of the note as an indemnity must be stated in the condition. If stated as a debt in the condition and affidavit, it will be invalid as to creditors. So, if the whole sum secured is described as a debt, when a part of it is merely an indemnity, the whole will be invalid, against creditors, whether there is any fraudulent design in the misdescription or not. And for this statement of the law, he is supported by authority. *Belknap* v. *Wendell,* 11 Foster, 101; *Southwick* v. *Hapgood,* 10 Cushing, 122; *Denton* v. *Griffith,* 17 Md. 301.

The cases relied upon and cited by the appellant are entirely unlike this and rest upon some equitable principle not applicable here. To sustain the validity of this mortgage as a lien upon the evidence in the record now before us would not only be opening the door to the commission and concealment of frauds and the other mischiefs which the law was passed to prevent but would defeat the very object and purpose of the Legislature in requiring an affidavit, that the consideration in the mortgage is true and *bonâ fide* as therein stated.

It is well settled that no acquisition of property passing to the wife from the husband after coverture shall be valid if the same has been made or granted to her in prejudice of the rights of his subsisting creditors, and a deed made by a husband to a wife for a simulated consideration will be treated as a fraud upon his creditors. *Code,* Art. 45, secs. 1 and 2, page 1274; *Downs* v. *Miller,* 95 Md. 602; *Folsom & Co.* v. *Detrick Co.,* 85 Md. 70.

In this case the evidence shows that the husband was insolvent and in fact, was not indebted at all to the wife at the date of the execution of the conveyance. There was no valid consideration paid by the grantee and the assignment was upon a secret trust, for the benefit of certain creditors of the grantor, and this assignment although executed on the 23rd of May, 1908, was not recorded until the 29th of April, 1909.

It would seem, then, to be beyond dispute even if we treat the mortgage as an assignment for the benefit of certain creditors of the grantor that the conveyance would be void, as against the attaching creditors here, because its legal effect, purpose and intent was manifestly to delay, hinder and defraud the creditors of the grantor. *Gebhart* v. *Merfeld,* 51 Md. 325; *Spuck* v. *Logan,* 97 Md. 158.

The schedule returned by the sheriff, we think, furnished a sufficient description of the property attached, to identify the lands seized, and to lay a proper foundation for the judgments of condemnation. The schedule states, I have this 24th day of December, 1908, at 11 o'clock A. M., attached, seized and taken the lands, tenements, goods and chattels and credits of the said Charles C. Tebbetts in and to the following real estate, to wit:

"1st. All that lot of ground containing 40 acres of land more or less.

"2nd. All that lot of ground containing 192 acres of land, more or less.

"3rd. All that lot of ground containing 2½ acres of land, more or less.

"All the above property situated in Woodville District, Frederick county, Maryland, and improved with 2 frame dwelling houses, 2 barns and other necessary outbuildings thereon. And have made known unto Milton Dayhoff and Granville Dayhoff, tenants on said farms to appear before said Court on the first Monday of January, 1909.

It will be thus seen, that the description of the property here returned by the sheriff fully answers the requirements of the law, and is free from any valid objection. *Jarboe* v. *Hall,* 37 Md. 345; *Murphy* v. *Cord,* 12 G. & J. 182; *Berry* v. *Griffith,* 2 H. & G. 337.

As to the claim of the trustee in bankruptcy, we need only say, that the liens under the attachment proceedings were obtained more than four months prior to the institution of the proceedings in bankruptcy, and are perfectly valid under the bankrupt law as against the trustee in bankruptcy. *Kendrick & Roberts* v. *Warren Bros.,* 110 Md. 54.

It follows, therefore, that the decree of the Circuit Court for Frederick County, dated the 9th day of May, 1911, sustaining the exceptions of the attaching creditors to Auditor's Account A and rejecting the same, and finally ratifying and confirming Auditor's Account B as amended, will be affirmed.

There were other questions argued and suggested at the hearing but we will not discuss them, because we find them unnecessary for the purposes of this decision.

*Decree affirmed, with costs.*