MARTHA S. COMEGYS, by RICHARD H. COMEGYS, her next friend, *vs.* WILLIAM J. S. CLARKE and WILLIAM H. COMEGYS.

*When a Mortgage executed by a Married woman, she not know-ing what it was, will be held Valid—Evidence admissible to prove the Consideration named in a Mortgage—Competency of a Married woman to Mortgage her property to secure a Debt due by her Husband—What constitutes a sufficient Con-sideration to support a Mortgage, executed by a Married woman.*

A. being indebted to B. in the sum of $2000, gave his note under seal for the amount. Sometime afterward B. told A. that he would like to have a mortgage on his wife's property to secure the payment of the note. A. expressed his willingness to give the mortgage, and promised to ascertain whether his wife would consent to execute it. The mortgage was accord-ingly prepared, and executed by A. who then took it to his wife, accom-panied by a justice of the peace, and told her that there was another paper to which he wanted her name. She did not read the paper or ask what it was; nor did she seek any explanation either from her husband or the justice of the peace as to its character or contents, but executed and acknow-ledged it, and it was afterwards delivered to B. the mortgagee. A. testified that he did not tell his wife that the paper was a mortgage, because he knew that she was opposed to giving mortgages. The wife stated that she would not have executed the paper, if she had known it was a mortgage. The mortgagee had no knowledge, until long afterwards, that the wife of A.. had executed the mortgage in ignorance of its character. HELD :

That under these circumstances the wife had no right of relief by injunction, to restrain the mortgagee from the forclosure of the mortgage, upon the ground that its execution was procured by fraud and deceit.

A mortgage stated that the consideration therefor was $2000, " cash in hand paid," and the evidence showed that it was a note under seal for the same amount, a pre-existing debt due to the mortgagee, by one of the mortgagors. HELD :

That the consideration proved was not different in character from that stated in the mortgage, and the proof was therefore admissible in support of the consideration stated in the mortgage.

It is competent for a married woman to give a mortgage upon her property to secure the payment of a debt due by her husband ; and a mortgage executed by her for such purpose, cannot be said to be without consideration.

APPEAL from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., STEWART, GRASON and MILLER, J.

*George M. Russum,* for the appellant.

*J. W. Bryant* and *J. W. Crisfield,* for the appellees.

GRASON, J., delivered the opinion of the Court.

The bill of complaint in this case was filed for an injunction to restrain the appellee, Clarke, from selling under a power in a mortgage, certain real estate, and to have the mortgage declared void on the alleged grounds that the mortgage had been obtained from the appellant, Martha S. Comegys, by fraud and that it was executed by her without any consideration. An injunction was granted, and answers were filed by the defendants Clarke and Wm. H. Comegys, the first denying the fraud and deceit, and the latter admitting the allegations of the bill and consenting to a decree. Evidence was taken under commissions, exceptions to some of which were taken by each of the parties, and upon final hearing, an order was passed dissolving the injunction, and from that order this appeal is taken.

We have carefully examined the evidence and are of opinion that it does not sustain the charge of fraud and deceit, made by the bill. The proof shows that William

H. Comegys, the husband of the appellant, leased a hotel from Clarke and purchased certain furniture, &c., then in the hotel, at a price agreed upon by the parties, and gave his note under seal to Clarke for the purchase money, amounting to two thousand dollars, one-half of which was payable on the first day of January, 1871, and the remaining half the first day of January, 1872. Sometime afterwards Clarke told Wm. H. Comegys that he would like to have a mortgage on his wife's property to secure the pay-. ment of the note, and Comegys said he was willing to give the mortgage and that he would see his wife and ascertain whether she would consent to execute it. The mortgage was accordingly prepared, and executed by Comegys, and he then took it to his wife, accompanied by a justice of the peace, and told her that there was another paper to which he wanted her name. The appellant did not ask what the paper was, or seek any explanation as to the character or contents of the instrument, but executed and acknowledged it, and it was afterwards delivered to Clarke. Comegys testifies that he did not tell his wife that the paper was a mortgage because he knew she was opposed to giving mortgages, and she states that she would not have executed it if she had known it was a mortgage. It appears that Clarke had no knowledge, until long afterwards that the appellant had executed the mortgage in ignorance of the character of the instrument she was executing. It was contended, on the part of the appellant, that the mortgage, thus executed under these circumstances, is void. We do not concur in this view of the case. If Comegys had made false representations to his wife to induce her to execute the paper, or had used threats or intimidation to compel her to execute it, the case would have come within the principle, announced by this Court in the case of the *Central Bank of Frederick vs. Copeland*, 18 *Md.*, 305, provided Comegys had been acting as Clarke's agent in procuring the execution of the paper. But no such means were

made use of in this case. The paper was merely handed to her with the remark that there was another paper to which her name was wanted. She could read and write and had every opportunity to ascertain what the paper was before executing it ; but she neither read it herself nor asked any explanation from either her husband or the justice of the peace, who was present, as to the character or contents of the paper. Under these circumstances she has no right to relief, by injunction to restrain the appellant from a foreclosure of the mortgage upon the ground that its execution was procured by fraud and deceit.

But it was also contended that the evidence of the consideration for the mortgage is different from the consideration named in the mortgage itself, and that the evidence is, therefore, inadmissible. The mortgage states the consideration to be two thousand dollars "cash in hand paid," while the evidence shows that it was a note under seal for two thousand dollars, a pre-existing debt due by William H. Comegys, to the appellee Clarke. The consideration proved is not different in character from that stated in the mortgage. The proof was therefore admissible. *Clagett & Hill vs. Hall,* 9 *G. & J.,* 91 ; *Cole, Trustee vs. Albers & Runge,* 1 *Gill,* 423.

It was also urged in the appellant's brief that there was no consideration passing to the appellant for the mortgage of her land, and therefore, it cannot be enforced as against her property. It is perfectly competent for a wife to give a mortgage upon her property to secure the payment of her husband's debt, and a mortgage executed by her for this purpose cannot be said to be without consideration.

Several exceptions to evidence were taken by the solicitors of the respective parties, which we do not consider it material to notice ; for whether the exceptions be sustained or overruled ; whether the evidence be admitted or rejected, the result of the case cannot be thereby affected.

The order of the Circuit Court dissolving the injunction will be affirmed.

*Order affirmed.*

(Decided 2nd March, 1876.)