# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 25, 1909.

## CANTON NATIONAL BANK
## VS.
## MAGDALENE GEIGER ET AL.

*Penrose & Stanton* and *William J. Garrett* for plaintiff.

*Charles F. Stein, Hyland P. Stewart* and *Fillmore Cook* for defendants.

SHARP, J.—

The bill in this case was filed to compel the specific performance, by the defendant, of the following agreement:

JOHN W. H. GEIGER, ETC.
AGREEMENT WITH CANTON NATIONAL BANK.

This Agreement, made this 25th day of January, in the year Nineteen Hundred and Seven, by and between John W. H. Geiger and Magdeline Geiger, his wife, of Baltimore City in the State of Maryland of the first part and Canton National Bank of Canton, Maryland, of the second part. Whereas the said John W. H. Geiger is an endorser with others as hereinafter mentioned on a promissory note of even date herewith payable in sixty days from its date for the sum of two thousand eight hundred and thirty-seven dollars and twenty-seven cents ($2,837.27) drawn by German & Company, payable to ourselves and endorsed by George H. Geiger, L. Irving German, German & Company and John W. H. Geiger one of the parties hereto of the first part and whereas said note is now held by the party of the second part for value and whereas it was a condition precedent to the acceptance of said note from the parties thereto for value that this agreement be executed by the said John W. H. Geiger and Magdeline Geiger, his wife. Now, therefore, this Agreement witnesseth that in consideration of the premises and the sum of one dollar and other good and valuable considerations, the said parties hereto of the first part hereby covenant and agree with the said party hereto of the second part, that if said promissory note hereinbefore mentioned endorsed by the said John W. H. Geiger one of the parties of the first part be not paid when due, that is to say in sixty days from its date that they, the said parties of the first part will grant and convey to the said party of the second part by way of first mortgage to secure the payment of said note all that lot of ground and improvements thereon

situate on the northeast corner of Baltimore and Castle streets, fronting east on Baltimore street seventeen feet with a rectangular depth northerly of eighty-seven feet to a ten feet wide alley, subject to an annual ground rent of one cent being the same lot described in a deed from Albert H. King to said parties of the first part dated May 5, 1892, and recorded in J. B. No. 1391, folio 106, of the Land Records of Baltimore City, and known as No. 2024 East Baltimore street, Baltimore, Maryland, said mortgage to run for a further period of sixty days from the date of the maturity of said note and to bear interest at the rate of six per cent. per annum. And the said Canton National Bank does hereby constitute and appoint William J. Garrett to be its attorney in its name and as its act to acknowledge this instrument of writing before any one legally authorized to take said acknowledgment. As Witness the hands and seals of the said parties of the second part and the corporate seal of the said party of the second part and the signature of Frederick A. Dolfield, the President thereof.

JOHN W. H. GEIGER, (Seal)
MAGDALINE GEIGER, (Seal)
Test: CHARLES E. ORTH,
FREDERICK A. DOLFIELD,
President Canton National Bank,
Canton, Maryland.
Canton National Bank, Canton, Md.
Organized, September 8, 1892.

STATE OF MARYLAND,
Baltimore City, to wit:

I hereby certify, That on this 25th day of January, in the year nineteen hundred and seven, before me, the subscriber, a notary public of the State of Maryland, in and for Baltimore City aforesaid, personally appeared, John W. H. Geiger and Magdaline Geiger, his wife, and acknowledged the aforegoing agreement or instrument of writing to be their respective act and at the same time also appeared William J. Garrett, the attorney named in the aforegoing agreement and by virtue of and in pursuance of the authority therein conferred upon him acknowledged the said agreement to be the act of the Canton National Bank. As Witness my hand and seal and Notarial seal.

CHARLES E. ORTH,
Notary Public.
CHARLES E. ORTH,
Notary Public,
Baltimore, Md.

The bill asks for a decree requiring the defendant to execute a mortgage on the property referred to, or that an equitable lien be declared in favor of the plaintiff, and the property sold for the payment of the note.

The defendant answered the bill and set up a number of defenses; only one need be considered, as it is alone a sufficient defense to the plaintiff's case. The agreement was made by the defendant under duress, or undue influence.

The circumstances under which the agreement was made are as follows: the property referred to in the agreement had been purchased by the defendant and her husband in 1892, as a home, and had been conveyed to them as tenants by the entireties. The husband had been, for some time, cashier of the Canton National Bank, the plaintiff, but had resigned on January 9th.

While cashier he had permitted overdrafts to be made by German & Company, one of the depositors of the bank, to the amount of $2,837.26. On January 22nd, 1907, a note for that amount was given by German & Company to the bank. This was the note referred to in the agreement. The husband was one of the endorsers.

On January 22nd, 1907, the agreement, now in controversy, was prepared by the attorney for the bank, and taken by a notary, employed by him, to the defendant, for her signature and acknowledgment. At this time she knew there was trouble at the bank and that the paper referred to her home.

She refused positively to execute the paper saying she "did not intend to pay anybody else's debts with her home." On the same day, at a later hour, she told her husband of her action, he replied he "thought she was right."

On January 25th, 1907, her husband returned to their home in the evening very much distressed and excited and told the defendant unless she signed the agreement that evening he would be arrested the following morning. The notary appeared with the document and the defendant, in great agitation of mind, signed it without reading it.

The defendant had been under treatment for nervous trouble, for a number of years, about 20, as her physician testified. At the time she signed the agreement she was in bad health. The family were all excited because it was known that there was "trouble at the bank."

It should be observed that the agreement was not a negotiable instrument, and was entitled to none of the privileges of that class of contracts.

The defendant was not a party to the note or to any of the transactions between her husband and the bank. She was a volunteer. Her position in the agreement was merely that of a surety.

Individually she received no benefit from the agreement.

In the case of Central National Bank of Frederick vs. Copeland and wife, 18 Md. 317, the Court of Appeals said: "The element of obligation upon which a contract may be enforced, springs primarily from the unrestrained mutual assent of the contracting parties, and where the assent of one to a contract is constrained and involuntary, he will not be held obligated or bound by it.

A contract, the execution of which is induced by fraud, is void, and a stronger character cannot reasonably be assigned to one, the execution of which is obtained by duress. Artifice and force differ only as modes of obtaining the assent of a contracting party, and a contract to which one assents through imposition or overpowering intimidation, will be declared void, on an appeal to either a court of law or equity to enforce it.

The question whether one executes a contract or deed with a mind and will sufficiently free to make the act binding, is often difficult to determine, but for that purpose a court of equity, unrestrained by the more technical rules which govern courts of law in that respect, will consider all the circumstances from which rational inferences may be drawn, and will refuse its aid against one who, although apparently acting voluntarily, yet, in fact, appears to have executed a contract, with a mind so subdued by harshness, cruelty, extreme distress or apprehension, short of legal duress, as to overpower and control the will." See also Whitridge vs. Barry, 42 Md. 152; First National Bank vs. Eccleston, 48 Md. 152.

Duress is a question of fact in each particular case. The question is not whether the constraint was sufficient to overpower the will of a person of ordinary courage and firmness of purpose, but whether the will of the particular person whose act is sought to be avoided was coerced.

The conclusion of coercion is not an unavoidable one from the fact of threats of imprisonment. In each case the fundamental question is: Did the party act freely and voluntarily or was apparent consent obtained by threats or duress or other undue influences. 10 Encyl. of Law 326-329.

In this case it appears the agreement was first presented to the defendant on January 22nd, 1907, the day the note was executed. There were no threats or undue influence of any kind. She was asked at that time to sign, and she positively refused to do so; she knew there "was some trouble at the bank."

She did not know what the paper was but she knew it related to her home. She gave as a reason for her refusal that she "did not intend to pay anybody else's debts with her home." It is evident, at this time, her decision was firm and positive and founded on sufficient reason. Soon afterwards, (January 25th, 1907) the agreement was again presented to her with the information that unless she signed that evening her husband would be arrested the following morning. She then signed the agreement. It is, therefore, apparent that the change in her decision was due to the threatened arrest. She says, in her testimony, she signed it because her husband "was threatened with arrest."

The paper was presented for her signature in the evening. She was required to sign immediately; there was no opportunity for reflection or to consult competent advisors. The agreement was prepared by the counsel for the bank and presented by a notary, employed by him.

There was no explanation of the facts and circumstances connected with the bank's claim on her husband, of which she knew nothing. She was not a party to the note, and was to receive no individual advantage from the transaction, nor was she, in any way, involved in the dealings of her husband with the bank. Her physician says she had been under his medical treatment for nervous troubles for more than 20 years.

In great agitation of mind she signed the agreement without reading it. She was surprised and signed impulsively to protect her husband from arrest.

Under those circumstances, the agreement cannot be .considered the free and voluntary act of the defendant and is utterly null and void.

It is certainly true that a wife may mortgage her property to secure the debt of her husband, but she must do so freely and voluntarily; there must be no fraud, surprise or coercion.

Comegys vs. Clark, 44 Md. 108; Central National Bank of Frederick vs. Copeland and wife, 18 Md. 317; Whitridge vs. Barry, 42 Md. 152. It is true the threat of imprisonment was not directed toward her but her husband. It is none the less duress over her.

Whitridge vs. Barry, 42 Md. 152 (cited ante). See also Adams vs. Irving National Bank, 116 New York 607; 10 Encyl. of Law 329.

But it is contended the bank was not a party to the duress, and that the influences which overpowered her will were exerted by her husband, and not by the bank, and that he told her he would be arrested unless she signed, for his own purpose and to save himself, and not for the benefit of the bank.

The agreement is not a negotiable instrument and has none of the privileges of that class of contracts. The plaintiff took the agreement with all its infirmities. In Bank vs. Copeland (cited ante) "the duress" was exerted by the husband. The party claiming under the mortgage in that case was entirely innocent. (See page 319.) The same was true in Whitridge vs. Barry (cited ante).

See also cases cited in 29 Encyl. of Law 107.

It follows from what has been said that the bill must be dismissed.