## SANDLER v. FREENY.
### No. 4756.

Circuit Court of Appeals, Fourth Circuit.
June 10, 1941.

George E. Robinson and Louis M. Silberstein, both of Baltimore, Md., for appellant.

Z. Townsend Parks, Jr., of Baltimore, Md., for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

SOPER, Circuit Judge.

This case involves the interpretation to be given under the Maryland decisions to Article 21, Section 34, of the Maryland Code (1939), which provides: "No mortgage shall be valid except as between the parties thereto, unless there be endorsed thereon an oath or affirmation of the mortgagee that the consideration in said mortgage is true and bona fide as therein set forth."

The controversy arose in the matter of Sidney Shapiro, bankrupt, when Benjamin L. Freeny, as the holder of a second mortgage for $3,900 on real estate of the bankrupt located at 1415 Linden Avenue in Baltimore City, presented a claim to be paid the balance due him on the mortgage out of the proceeds of the sale of the property by the trustee in bankruptcy under the direction of the District Court. Freeny had been Shapiro's attorney, and some eleven months before the adjudication in bankruptcy, had advanced to him nearly all of the cash needed to purchase the property and pay the expenses of the transaction.

Freeny's mortgage recited that the mortgagor was indebted to the mortgagee in the sum of $3,900, "the same being money this day advanced by the said mortgagee to the said mortgagor to be applied as part of the purchase money for the hereinafter described property". The affidavit essential to the validity of the mortgage under Article 21, Section 34, of the Code was made before the notary who took the mortgagor's acknowledgment, and was described in the notary's certificate as follows: "At the same time also appeared Benjamin L. Freeny, trustee, mortgagee, and made oath in due form of law that the consideration set forth in said mortgage is true and bona fide as therein set forth".

As a matter of fact, it was not true that the entire sum of $3,900 was advanced by the mortgagee to the mortgagor to be applied as part of the purchase money for the property. The entire sum was actually advanced by the mortgagee to the mortgagor and the mortgage debt was bona fide, but only a part of the money was to

be applied as part of the purchase money. Of the total sum, $1,487.82 was paid to the vendors as the cash balance due them, and the remainder of the money as follows: $900 and $27 interest was paid to Freeny to reimburse him for a prior partial payment made by him to the vendors on account of the purchase price, $1,000 for his fee as attorney in the transaction, and the balance for the examination of the title to the property and various incidental fees and expenses.

The facts are not in dispute. There was no fraud in the transaction and no benefit was derived by either party from the misstatement in the mortgage that the entire sum of $3,900 was to be applied as part of the purchase money. It is true that Article 66, Section 4, of the Maryland Code provides that a purchase money mortgage shall be preferred to any previous judgment or decree against the purchaser of the mortgaged property, provided that the mortgage recites that the sum so secured is in whole or in part the purchase money of the property; but there was no previous judgment or decree against Shapiro in this case, as Freeny knew from the search of the court records. The District Judge found upon substantial evidence that the description of the whole $3,900 as purchase money was not "a deliberate recital made for the purpose of obtaining some unjust advantage * * *, but was doubtless due more to a matter of routine practice in such situations customary in Freeny's law office". A standard printed form of mortgage was used, and there was nothing in the case to show that the affidavit was intentionally or knowingly false. See In re Shapiro, D.C., 35 F.Supp. 579, 583.

After reviewing the Maryland decisions, the judge reached the conclusion that the mortgage was not invalid, and our examination of the decisions leads us to the same conclusion. It is clearly established that while the omission of the affidavit of consideration is fatal to the validity of the mortgage as to subsequent creditors without actual notice, the purpose of the statute is fulfilled if it is substantially rather than literally complied with. Thus in Cockey v. Milne, 16 Md. 200, a purchaser of real estate at a sheriff's sale was held to have a title free from the lien of a prior mortgage to which no affidavit by the mortgagee had been attached. The court held that the Act voids such a mortgage as to all persons except the grantor, and that the Act "was designed not merely for the prevention of fraud, but for the benefit of creditors, who may claim against such an instrument as void in law, * * * however the question of actual fraud may stand."

Again in Pleasanton v. Johnson, 91 Md. 673, 47 A. 1025, the same ruling was made in regard to a chattel mortgage to which no affidavit of consideration had been attached. The court said: (91 Md. page 675, 47 A. page 1026)

"It is undoubtedly the policy of this state to require mortgagees to make affidavit of the bona fides of the consideration mentioned in mortgages in order to give them priority over creditors. Our statute requiring that to be done has proven to be a wise and salutary one, for there have been instances where the parties might not have been influenced by motives of honesty and fair dealing, but were deterred by fear of the penalties imposed for perjury from making mortgages and bills of sale for feigned considerations. The tendency of our legislation has, therefore, been to enlarge, rather than to limit, the operation of such laws."

See, also, Nelson v. Hagerstown Bank, 27 Md. 51.

Furthermore, if an affidavit is endorsed upon the mortgage, it must substantially state the truth with regard to the consideration passing from the mortgagee, or the mortgage will be invalid. Thus in Denton v. Griffith, 17 Md. 301, the validity of a bill of sale or chattel mortgage was attacked. It purported to convey absolute title to certain chattels in consideration of the sum of $1,500 paid by the grantee to the grantor, while an affidavit of the grantee, attached to the deed, stated that the grantor stood indebted to the grantee in the sum of $1,500. The validity of the instrument was attacked by a judgment creditor of the grantor on the ground that the conveyance was a mortgage, and as such was invalid because of the defective affidavit. The court held that the inconsistency between the deed and the affidavit was fatal to the conveyance since the statute intended that the consideration mentioned in the affidavit should be the true cause of making the deed, and that both deed and affidavit must show the same consideration.

In Ressmeyer v. Norwood, 117 Md. 320, 83 A. 347, a mortgage, executed by a man to his wife, stated that the amount of the indebtedness was due from him to her.

The affidavit by the wife as mortgagee was in the words of the statute. In fact, no money was due by the husband to the wife and the mortgage was executed in order that it might be assigned to a third party to hold as security for certain creditors in order that they might be preferred. It was held that the affidavit did not comply with the statute, and that independently of any question of actual or intentional fraud, the mortgage was invalid.

Again in Groh v. Cohen, 158 Md. 638, 149 A. 459, there was a substantial misstatement of fact in the affidavit and the mortgage was held invalid. A judgment debtor caused the title to certain real estate purchased by him to be placed in the name of an employee in order to avoid the effect of prior judgments. The employee executed mortgages on the real estate to secure the purchase price, and the mortgagees made affidavits in the statutory form indicating that the mortgage debts were due and owing to him by the employee, whereas in fact the employee did not incur any indebtedness in the transactions. The court said: (158 Md. page 641, 149 A. page 460)

"The statement thus made in the affidavits being fictitious, it is just as ineffective as if it had been omitted. The Code provision (article 21, § 33) that no mortgage 'shall be valid except as between the parties thereto, unless there be endorsed thereon an oath or affirmation of the mortgagee that the consideration in said mortgage is true and bona fide as therein set forth' cannot be satisfied by an affidavit which is not true in fact. The considerations stated in the mortgages in question purported to be loans to the persons signing the instruments as mortgagors, when in truth no such loans were ever made or contemplated. If the title had been conveyed primarily to the real purchaser and he had executed the mortgages which in terms secured loans for the payment of the purchase price and the cost of improvements, the mortgagees would have been fully protected from the liens of any pre-existing judgments against the mortgagor. Code, art. 66, § 4. But such a purpose does not justify or validate the use of affidavits which are illusory."

It will have been seen that in these cases the affidavits were omitted altogether or contained intentional and substantial misstatements as to the existence of the mortgage debt or the identity of the debtor. On the other hand, there are decisions which reject a strict and literal interpretation of the Act and sustain mortgages endorsed with affidavits given in good faith, which correctly set out the amount of the mortgage indebtedness that the mortgagor contracts to pay, even though the facts of the transactions are not given with complete accuracy. In Marlow v. McCubbin, 40 Md. 132, the affidavit was incomplete in that it merely stated that the consideration mentioned in the mortgage was bona fide, as therein set forth, but failed to use the exact language of the statute that the consideration was true and bona fide. The court held that the mortgage was not invalidated by this minor defect, notwithstanding a vigorous dissent on the ground that the Act required that the affidavit should be made as to both the truth and the bona fides of the consideration set forth in the instrument. The court said: (40 Md. page 139)

"* * * The terms of the affidavit include a plain averment that the consideration as set forth in the deed was the true and only cause of its being made. The insertion of the word 'true' would, in our opinion, impart to the affidavit no additional substance or force. The consideration mentioned in the instrument, if fabricated and false, could not be bona fide, nor if untrue could it be therein set forth in good faith. We think it very clear (and indeed it was so conceded by the appellant's counsel in argument) that falsity in the consideration as stated in this mortgage, would warrant the assignment of perjury upon this affidavit. It therefore appears to us to be a substantial compliance with the requirements of the statute, and in thus determining it to be sufficient, we do not consider that we shall be opening the door to any of the mischiefs which this provision of the Code was enacted to prevent, or to the commission and concealment of frauds by dishonest parties to the prejudice of honest creditors. This is a danger always to be most carefully guarded against by the Courts, but, in our judgment, we could not pronounce this affidavit insufficient without adopting (as in view of the authorities we cannot) the sharp and harsh rule that the very words of the statute must in all cases be adopted and used."

In Comegys v. Clarke, 44 Md. 108, the mortgage was given by a wife to secure the payment of a note for $2,000 previously given by her husband to the mortgagee, and thus purported to show that the indebted-

ness ran from the wife to the mortgagee. The court held that the mortgage was valid, and that the consideration proved was not different from that stated in the mortgage.

In Smith v. Myers, 41 Md. 425, a mortgage was given to secure the payment of a note of the mortgagor to the mortgagee for $5,000; but the actual consideration was a loan of $4,400, the difference of $600 being treated by the parties as a bonus for the loan. The affidavit attached to the mortgage was in the terms of the statute and therefore indicated that the consideration for the mortgage was the sum of $5,000. On this account the validity of the mortgage was attacked. But the court said: (41 Md. page 433)

"* * * The note truly represents the contract made between the parties, at the time of its execution, and (that) it was in good faith intended by them to express the debt which was to be paid. It was not designed as a deceit, and there is nothing to show that any fraud was practised in obtaining it. Nor was there any fraud upon creditors intended or contemplated. On the contrary the amount of money loaned was obtained for the purpose of meeting the demands of pressing debts, and was actually applied to their payment. This being so, it cannot be said that the mortgagee, Myers, either in law or morals was guilty of false swearing, when he made the affidavit that the consideration, set forth in the mortgage, was true, and that it had been given and received in good faith. As was said by the Court below, there is nothing immoral in the contract, and it could be enforced to its utmost extent, but for the operation of the laws against usury. These do not render the contract void, or make invalid the mortgage given to secure its performance. They only forfeit the excessive or usurious interest, and cannot be said to affect the fact, that the contract between the parties was real and true, and was entered into by both of them in good faith. The Circuit Court seems to have entertained the same view in regard to this affidavit, and we think the conclusion, reached by them, is the correct one."

The holding of the last mentioned case was reaffirmed in the more recent case of Govane Bldg. Co. v. Sun Mortgage Co., 156 Md. 401, 144 A. 486, where the mortgage purported to secure the sum of $5,000 while the amount actually advanced to the mortgagor was somewhat less. The mortgagor expected to pay the larger sum and there was no fraud in the transaction. Referring to Smith v. Myers, supra, the court said: (156 Md. page 406, 144 A. page 488)

"As the court explained in that case, the real question is: Does the consideration sworn to represent an indebtedness which the mortgagor in good faith acknowledges and intends to pay? If the mortgage was not fraudulent (and we have held it was not, as did the trial court), then the consideration sworn to was the amount which the mortgagor expected to pay".

It is of especial interest that the record in Govane Bldg. Co. v. Sun Mortgage Co. discloses a fact which does not appear in the opinion. The mortgage in question contained a recital, apparently incorrect, similar to that in the pending case, that the mortgagor was indebted to the mortgagee "in the full sum of $5,000 for money advanced to the said party of the first part by the said party of the second part, being the balance of the purchase money for the hereinafter described" property; and the affidavit to the mortgage declared that the consideration was true and bona fide as therein set forth.

Our conclusion is, that the purpose of the statute, as viewed by the Court of Appeals of Maryland, is to protect the creditors of the mortgagor by requiring the amount of the actual indebtedness due by the mortgagor to be stated in the mortgage, and by requiring the mortgagee to verify the fact by affidavit. Since the making of a false affidavit would be punishable as perjury, the deterrent effect of the criminal law is secured, and feigned and fictitious considerations are likely to be avoided. If then, the amount of the debt due by the mortgagor is correctly set out in the mortgage, and there is no fraud and no intentional misstatement of fact, the object of the statute is fulfilled; and an incidental inaccuracy in the recital of the consideration, which confers no benefit upon the parties to the transaction and works no detriment to the creditors, will not invalidate the instrument.

The judgment of the District Court is affirmed.