(Decided 10th June, 1875.)

## FRANCIS X. RICE *vs.* GEORGE P. WEST.

*Removal of Cases—Extension of Judgment and issuing of Execution while an Appeal is Pending.*

A case cannot be removed after judgment by default has been entered.

During the pending of an appeal, from an order, passed after judgment by default, refusing to remove a case, the Court can extend the judgment and issue execution thereon.

APPEAL from the Circuit Court for Baltimore County.

The facts are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON and ALVEY, J.

*Jno. T. B. Dorsey* and *Ed. Israel*, for the appellant.

Upon the overruling of the motion to remove the case, in the exercise of the usual constitutional right, and the appeal taken thereupon, the Circuit Court had no further jurisdiction in the case, except to order the transcript of record to be sent to the Court of Appeals, and upon failure to file an appeal bond by the defendant, to issue execution for costs.

The judgment having been improperly extended, there was no foundation for the issuing of the *fi. fa.* in the case, and it should have been quashed. *Thompson vs. McKim,* 6 *H. & J.,* 302 ; *Ringgold vs. Emory,* 1 *Md.,* 350 ; *Mayer's Digest,* 125.

*John Carson,* for the appellee.

Can a case be removed after a judgment by default? This question which concludes every other one that can be raised in the cause, has been decided by this Court in the case of the *Northern C. R. Co. vs. Rutledge,* 41 *Md.,* 372, against the right of removal ; and therefore the judgment below should be affirmed by this Court. *See Adams Express Co. vs. Trego,* 35 *Md.,* 47.

GRASON, J., delivered the opinion of the Court.

It appears from the record in this case that a judgment by default was entered against the appellant on the 14th day of September, 1874, and that, on the following day, a motion was filed to strike out the judgment. Pending that motion, the appellant, on the 26th day of September,

filed a suggestion and affidavit for the removal of the cause, and on the same day the Court refused to remove the cause, and the defendant appealed. On the same day the Court also overruled the motion to strike out the judgment. On the 14th of November following, judgment was extended, and on the 17th day of the same month execution was issued, and on the 23rd a motion to quash the execution was filed. On the 28th of November the Court overruled a motion, filed that day, to strike out the order overruling the motion to strike out the judgment, as also the motion to strike out the judgment extended in the case, as well as the motion to quash the execution, and the defendant took an appeal from the decision of the Court overruling said motions.

The questions presented upon this appeal are therefore, first, whether a removal of a cause can be had after a judgment by default, and second, whether, after an appeal has been taken from the action of the Circuit Court, refusing to remove the cause there is power in that Court to extend the judgment by default and issue execution thereon?

First.—In the case of the *Northern Central Railway Company vs. Rutledge*, 41 *Md.*, 372, it was held that a removal of a cause could not be had after a judgment by default had been entered. The motion for the removal in this case was therefore too late and was properly denied.

Second.—As no right of removal existed at the time the suggestion and affidavit were filed, the Circuit Court clearly had power and authority, on the application of the appellee to extend the judgment, and, as no bond was filed by the appellant, to issue execution. We have no statute prohibiting such proceedings, and if the appellee chose to take the risk of having the proceedings, taken after the appeal, rendered null by a reversal of the order refusing the removal of the case, we can discover no good reason why he should not have the right to extend his judgment by default and have execution thereof. As we

have before stated there was no right to remove at the time the suggestion and affidavit were filed, and, notwithstanding the appeal from the order denying the removal was then pending, the Circuit Court had full power and authority to extend the judgment, and issue execution, and no reason for striking out the judgment or quashing the execution has been assigned other than the alleged want of power to enter the one, or to issue the other during the pendency of this appeal. The orders appealed from will therefore be affirmed.

*Orders affirmed.*

(Decided 10th June, 1875.)