(Decided January 4th, 1898).

---

# JOHN W. AVIRETT *vs.* ABRAM B. BARNHART.

*Alteration of Promissory Note—Postponement of Time of Maturity—Assignment of Note and Mortgage After Part Payment Thereof—Estoppel.*

A change in the time of maturity of a promissory note made by the holder without the consent of the maker is a material alteration which avoids it.

The holder of a chattel mortgage, and of a promissory note secured by it, received certain payments on account of the indebtedness and promised to extend the time of payment for one year. He did not endorse the payments on the note, but did endorse thereon an extension of the time of payment for a longer period than one year without the knowledge of the maker and subsequently assigned the note and mortgage to a party who took the same as collateral secu

rity for an existing indebtedness.  Upon a bill for the sale of the property mortgaged to enforce payment of the note, *Held*,

1st.  That the assignee having taken the note after the date of its original maturity and after it had been avoided by a material alteration was not entitled to enforce the same against the maker, and that the assignment of the mortgage was made subject to the equities it was liable to in the hands of the assignor, and that the mortgagor is entitled to a credit for the sums paid by him to the assignor on account of the indebtedness.

2nd.  That the mortgagor was not estopped from claiming a deduction on account of such payments, merely because he failed to have the same endorsed on the note while it was in his possession, when the assignee was not misled by any act or representation of the mortagor.

When a mortgage is assigned without the concurrence of the mortagor, the assignee takes the same subject to the same equities and defences to which it was subject in the hands of the assignor.

· Appeal from a decree of the Circuit Court for Allegany County (STAKE, J.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE and ROBERTS, JJ. ·

*Benjamin A. Richmond* and *J. N. Willison*, for the appellant.

*J. Augustine Mason* (with whom was *James A. McHenry* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant, John W. Avirett, executed a chattel mortgage on the 29th of September, 1890, to J. Wilson Humbird, of Cumberland, Md., to secure the payment of a promissory note for the sum of $2,500.  On July 5th, 1894, the mortgagee, Humbird, endorsed on the mortgage a receipt for $650 and interest to date, leaving the sum of $1,850 still due, and on the same day J. Wilson Humbird assigned the mortgage to Philip W. Avirett, a brother of the mortgagor.  This mortgage was assigned by Philip W. Avirett on Sept. 11th, 1894, to Edward Hoffman and A. P. Connor, and by them it was assigned on Nov. 3rd, 1894, to the

appellee, Abraham B. Bernhart.   On July 5th, 1894, when the above-mentioned payment of $650 was made, the mortgagor, John W. Avirett, executed a new promissory note for $1,850, payable ninety days after date to the order of J. Wilson Humbird.   This note bears the following endorsements :

"I hereby assign the within note to Philip W. Avirett, without recourse.

J. WILSON HUMBIRD.

"Nov. 2, 1894. For value received I hereby assign the within note to Edward Hoffman and A. P. Connor.

PHILIP W. AVIRETT.

"Nov. 3, 1894. For value received we hereby transfer the within note to A. B. Barnhart.

EDWARD HOFFMAN,<br>A. P. CONNER.

"Renewal in part of $2,500 note secured by mortgage for that amount, executed by John W. Avirett, and recorded in the Clerk's office, Allegany County, Maryland.

PHILIP W. AVIRETT.

"For value received I hereby extend the within obligation for 1 year from September the 11th, 1894.

PHILIP W. AVIRETT."

It appears that the mortgage was assigned by Philip W. Avirett to Hoffman and Connor in September, 1894, and that the note secured by it was assigned in the following November.   While Philip W. Avirett was the holder of the note and mortgage, the appellant, John W. Avirett, made to him two payments, one of $600 and the other of $250, with the understanding that they should be credited on the mortgage and the note.   No memoranda, however, of these payments were made by the holder on the note, but the same was assigned, after the date of its original maturity, to Hoffman and Connor, from whom the appellee took it. And from a decree refusing an allowance of these credits and directing a sale of the mortgaged property this appeal has been taken.   It is contended upon the part of the ap-

pellee that he is the *bona fide* holder of the note for value before maturity ; that he had no knowledge or notice that any payment had been made thereon, and that he cannot therefore be affected by any equities between the original parties. Whether, however, the appellee took this note before maturity or not depends upon the effect to be accorded to the memoranda made on the note by Philip W. Avirett, by which he extended " the within obligation for one year from Sept. 11th, 1894."

Now while an extension of the time of maturity of a promissory note may be made with the consent of all the parties so that it may continue to be a negotiable instrument after the time originally fixed for payment, yet it is not within the power of a payee or holder by his own act alone and without the consent of the maker to make any change in the time of payment. The evidence in this case entirely fails to show either when the memorandum in question was made on the note or that the appellant, maker of the note, ever agreed that the note should be extended for one year from September 11th. On July 6th, 1894, while Philip W. Avirett held the note and mortgage, he signed the following paper :

"CUMBERLAND, MD., July 6th, 1894.

" Received of John W. Avirett six hundred dollars to be credited on mortgage of $1,850, or assigned to me by J. W. Humbird on the " Times " and " Alleganian " plants of said John W. Avirett. The balance of mortgage I will extend for 1 year."

At the same time he wrote to the appellant, saying : " I think this is all you need to cover the payments made to-day, but I will endorse the credit on note which I left in Hagerstown this morning. "

Inasmuch, then, as the extension of this note for one year from Sept. 11th, 1894, was done without the consent or even knowledge of the maker of the note, it must be treated as a material alteration. The holder of a promissory note cannot by his own act alone defer the time of maturity of

the note any more than he can by his own act accelerate the time of payment. "It is competent," says *Mr. Daniel* in his work on *Negotiable Instruments*, section 154, "for either party to show by parol testimony, the time when, the person by whom and the circumstances under which a memorandum upon a bill or note was made. If made by the holder without the consent of the parties it will vitiate and avoid it, being a material alteration." When the note, then, in this case, was assigned to the appellee and to the parties under whom he claims, it was overdue and vitiated by an unauthorized attempt to extend the time of payment.

Under these circumstances we do not think the appellee takes the mortgage free from all equities, but in seeking to foreclose the same, as assignee, he must do so subject to any defences the appellant had against the assignor. In the case of *Cumberland Coal and Iron Co.* v. *Parish*, 42 Md. 614, it is held, that the transfer of a mortgage is so far within the rule which applies to other choses in action, that where the assignment is made without the concurrence of the mortgagor, as in this case, the assignee takes the mortgage and the debt secured by it, upon the same terms, and subject to the like equities and defences that it was subject to in the hands of the assignor. The mortgagor cannot be prejudiced by the assignment. As the credits claimed by the appellant in this case are fully established by the evidence, he is entitled to have them enforced against the appellee.

It was urged, however, that the appellant was equitably estopped from setting up his payment to Philip W. Avirett, as proper to be deducted from the amount mentioned in the mortgage and note. The principal ground of this contention is that the appellant was for a time in possession of the mortgage and note, and did not make thereon the endorsement of his payment but permitted the same to pass from him appearing to be valid securities for the sum mentioned on their face. The appellant, however, did not himself deliver those papers to the appellee, but gave the same to the

agent of P. W. Avirett, whom he fully informed of the payments made by him. And this agent of P. W. Avirett promised that in case the note was sold the purchaser would be informed that it was subject to certain credits. The appellee was not misled by any act or representation made by the appellant, but took the note and mortgage as collateral security for a previously existing indebtedness to him by Philip W. Avirett. The appellant is not estopped, under the facts and circumstances of this case, from demanding that the payments made by him should be allowed as credits, on account of the mortgage debt, in the foreclosure proceedings in this case.

For these reasons the decree below will be reversed and the cause remanded, to the end that a decree may be passed in accordance with this opinion.

*Decree reversed with costs.*

(Decided January 4th, 1898).