# THOMAS C. HUNTER

## *vs.*

## SAMUEL L. CHASE ET AL.

*Mortgage—Delay in Record—Assignee of Mortgage—As Bona Fide Purchaser.*

That the assignee of a mortgage failed to have the assignment recorded promptly did not affect his rights, as against one to whom the mortgage subsequently assigned a "renewal" mortgage, procured from the same mortgagors by his fraudulent representations that, as holder of the original mortgage, he would release it, if, by pursuing the inquiry suggested by the record title to the original mortgage, its assignment could have been discovered by the assignee of the renewal mortgage.     p. 16

A mortgage procured by way of renewal of a previous mortgage made to the same person, under misrepresentations by him that he still held the previous mortgage and would release it, was, as between the mortgagee and the mortgagors, utterly void and of no effect, as having been procured by fraud and without consideration.     p. 16

Where a mortgage is assigned, though for value, without the concurrence of the mortgagor, the assignee takes the mortgage, and the debt secured by it, upon the same terms, and subject to the like equities and defenses, that it was subject to in the hands of the assignor.     pp. 16, 17

*Decided June 27th, 1923.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by Samuel L. Chase and Hannah M. Chase, his wife, against Thomas C. Hunter and Charles H. Chesney, for an injunction and a declaration as to the validity of certain

mortgages. From the decree rendered, said Hunter appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Stevenson A. Williams,* with whom was *Fred R. Williams* on the brief, for the appellant.

*Edwin H. W. Harlan,* for Samuel L. Chase and Hannah E. Chase.

*R. H. Archer, Jr.,* for Charles H. Chesney.

THOMAS, J., delivered the opinion of the Court.

On the 11th of March, 1916, Samuel L. Chase and Hannah M. Chase, his wife, of Harford County, Maryland, executed a mortgage of certain real estate in said county to Henry A. Whitaker, to secure the payment of the sum of $1,500 due and owing to him, which they covenanted to pay at the expiration of two years from the date of the mortgage, and the mortgage was recorded on the 4th of May, 1916. On the 27th of November, 1918, the mortgage was assigned by Whitaker to The Second National Bank of Bel Air, and the assignment was recorded February 26th, 1919, and. on the 13th of March, 1919, it was re-assigned by the bank to Whitaker, who, on about the same date, assigned it to Charles H. Chesney in consideration of the sum of $1,500 paid to him by Chesney, but the assignments to Whitaker and Chesney were not recorded until July 29th, 1920.

In the summer of 1919 Whitaker wrote to Chase and his wife, the mortgagors, that the mortgage was due and that it would have to be renewed. In pursuance of that notice Chase and his wife went to Whitaker's office in Bel Air, and executed a new mortgage to him of the same property, dated August 23rd, 1919, for $1,600, to cover the principal of the

original mortgage and his charge of $100 for the renewal, with the understanding that he would release the original mortgage, which, without their knowledge, he had, as we have said, already assigned to Chesney. The second mortgage was duly recorded, and on the 7th of January, 1920, Whitaker, "for value received," assigned it to Thomas C. Hunter. Foreclosure proceedings having been instituted by Hunter on the second mortgage, Samuel L. Chase and his wife, the mortgagors, on the 6th of October, 1921, filed a bill of complaint in the Circuit Court for Harford County against Hunter, setting out the facts to which we have referred, and alleging that the said second mortgage had been procured by fraud practiced upon them by Whitaker, and praying that the same be declared null and void and that Hunter be enjoined from further proceeding in the foreclosure suit. Later an amended bill was filed against both Hunter and Chesney, making substantially the same allegations, and praying for an injunction enjoining foreclosure proceedings on either of said mortgages, and that either the first mortgage, held by Chesney, or the second mortgage, held by Hunter, be declared null and void.

Upon the evidence in the case tending to establish the facts we have mentioned; the fraud practiced upon Chase and his wife by Whitaker in procuring the second mortgage; that Chase and his wife never knew that Chesney had the first mortgage until they were approached in regard to it by Chesney's counsel a short time before this suit; that Chesney did not have the assignment to him of the first mortgage recorded at once because he was in hopes that Whitaker would repay him the $1,500 loaned to him, but that when he learned that Whitaker was getting into financial difficulties he concluded that he had better have it recorded; that the assignment to him was not dated, and that when he took it to the clerk's office to be recorded he inserted in the assignment the date he had it recorded, to wit, July 29th, 1920, at the suggestion of Mr. Robinson, the clerk; that Whitaker

paid Hunter the first six months' interest on the second mortgage from November 14th, 1919, and that he had left the State and could not be located, the court below passed the decree from which Hunter has brought this appeal, declaring the second mortgage to be null and void.

The appellant, relying upon the doctrine that "whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it," insists that Chesney's failure to have the assignment of the first mortgage to him promptly recorded gave Whitaker the opportunity to deceive and defraud Hunter, and that Chesney should therefore bear the loss. The answer to this contention is that at the time of the assignment to Hunter of the second mortgage the record title to the first mortgage was in The Second National Bank of Bel Air, and if Hunter had pursued the inquiry suggested by that fact, he would have discovered that, notwithstanding any representation of Whitaker to the contrary, the mortgage had been assigned to Chesney.

As the second mortgage was procured by Whitaker from Chase and his wife by fraud and without any consideration therefor, it is clear that, as between Whitaker and the mortgagors, the mortgage was utterly void and of no effect, and, as said by Judge Alvey in *Cumberland Coal & Iron Co.* v. *Parish,* 42 Md. 614, "The assignee of a mortgage does not stand in the position of a purchaser without notice, as against the mortgagor, and those claiming under him, notwithstanding the assignment may have been taken without notice of the defenses against the enforcement of the mortgage. * * * Where the assignment is made without the concurrence of the mortgagor, * * * the assignee takes the mortgage, and the debts secured by it, upon the same terms, and subject to the like equities and defenses that it was subject to in the hands of the assignor." See also *Avirett* v. *Barnhard,* 86 Md. 545, and 19 *R. C. L.* p. 352, sec. 125.

It is not pretended in this case that Hunter was induced to take the assignment by any act or statement of the mort-

gagors, and as the mortgage was an absolute nullity as between them and Whitaker, it can have no greater value in the hands of the assignee, notwithstanding it is conceded that Hunter paid value for it. This is the view expressed by the learned court below, and its decree declaring the mortgage from Chase and his wife to Whitaker, dated August 23rd, 1919, and assigned to the appellant, to be null and void must be affirmed.

> *Decree affirmed, the costs in this Court to be paid by the appellant and the costs in the court below to be paid as provided in said decree.*