THOMAS C. RILEY ᴇᴛ ᴀʟ. *vs.* JAMES E. WOODALL.

*Equity Pleading—Allegations of Fraud—Agent for Mortgagee.*

Where the successive steps in a transaction, as narrated in the bill of complaint, constitute a clear case of fraud, such as to entitle the plaintiffs to relief on that ground, it is immaterial that the word fraud is not used.                    p. 128

Where the agent of one making a loan to be secured by mortgage retained the money after the making of the mortgage, for the purpose, as represented by him to the mortgagors, of paying off an existing mortgage on the property, and thereby making the mortgage to his principal the prior lien, but failed so to apply such money, the mortgagors were entitled to an injunction restraining the enforcement of the mortgage last executed, and to a declaration of the invalidity thereof.

pp. 126-128

*Decided February 1st, 1924.*

Appeal from the Circuit Court for Cecil County, In Equity (Kᴇᴀᴛɪɴɢ and Wɪᴄᴋᴇs, JJ.).

Bill by Thomas C. Riley and Anna D. Riley, his wife, against James E. Woodall. From a decree for defendant, plaintiffs appeal. Reversed.

The cause was argued before Bʀɪsᴄᴏᴇ, Tʜᴏᴍᴀs, Pᴀᴛᴛɪsᴏɴ, Uʀɴᴇʀ, Sᴛᴏᴄᴋʙʀɪᴅɢᴇ and Oꜰꜰᴜᴛᴛ, JJ.

*C. Alexander Fairbank, Jr.,* with whom were *Wm. Pepper Constable* and *Curtis O. Tyson* on the brief, for the appellants.

*Joshua Clayton,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case arose from the following facts as recited in the bill of complaint:

Thomas C. Riley acquired in 1906 a farm of about one hundred acres in the sixth election district of .Cecil County. Afterwards Thomas C. Riley and wife acquired from Wm. H. Riley an undivided one-half interest in another farm or tract. At the time of the purchase of the first tract Riley borrowed the sum of four thousand dollars for the purpose of consummating the purchase. This mortgage is alleged from time to time to have been assigned to successive parties, and finally became the property of Charles W. Simpers. The original loan of four thousand dollars was at the rate of five per cent. interest, and the assignee of the mortgage desired to increase that rate from five per cent. to six per cent. Mr. and Mrs. Riley accordingly looked around to see if they could not get the money—four thousand dollars—at the previously existing rate of five per cent or better. Application for the new loan was made to Wm. T. Warburton of Cecil County, who, after a short time, notified them that he had procured the loan as they desired, and two weeks later they received notice from Warburton to call at his office in Elkton for the consummation of the new mortgage and a release of the old.

The loan was said to have been made by James E. Woodall through Mr. Warburton as agent and attorney. The papers were duly signed for the new mortgage in Mr. Warburton's office, but Mr. Woodall, the alleged mortgagee, was not present. The bill further alleged that Mr. Warburton had in a number of transactions represented as agent persons making loans.

Several days before the new loan Mr. Woodall sent his check for $4,000 drawn to Mr. Warburton's order, for the purpose of making this loan and the paying off of the then existing mortgage. This loan was consummated by Mr. and Mrs. Riley, believing Mr. Warburton to be agent for Mr. Woodall. No money was paid to the plaintiffs at the time of the execution of the new mortgage papers, it being represented to them that the money would be used to pay off the

existing mortgage. They gave Mr. Warburton a check for $138.26 as the interest then due on the original mortgage, and a relatively small check to pay for the cost of recording, notary's fees, and Mr. Warburton's fee.

It is further alleged that at the time of the making of this new mortgage transaction it was represented to Mr. and Mrs. Riley that Warburton was acting as agent of Woodall.

The mortgage affidavit was sworn to by Mr. Warburton as "agent and attorney" of Mr. Woodall, it being understood that the money obtained from Mr. Woodall was to be used in the payment and discharge of the prior mortgage.

In the last months of 1920 demand was made upon Mr. and Mrs. Riley for the payment of the interest on the original mortgage, and this was followed up by the discovery that Mr. Warburton had not paid off the original four thousand dollar mortgage, so that there were apparently subsisting and outstanding two mortgages of four thousand dollars each upon the property, and the bill concludes with prayers the general purport of which is to enjoin Mr. Woodall from enforcing his mortgage and to have declared invalid and void the mortgage made to James E. Woodall.

The facts alleged in the bill have been thus fully stated because of the form in which the case comes to this Court. To this bill, instead of answering, the defendant, Mr. Woodall, demurred. After the hearing in the Circuit Court for Cecil County the demurrer was sustained and the bill of complaint dismissed.

There was error in sustaining the demurrer to the bill. The case, as presented to this Court, was argued upon the question of agency; that is, whether Mr. Warburton in his dealings had been the agent of one party or the other, and in connection with this is the question of a fraud perpetrated by Mr. Warburton upon Mr. and Mrs. Riley. For the purposes of the demurrer the facts set out in the bill of complaint must be taken to be true, and while the word "fraud" is not itself used anywhere in the bill of complaint, the successive steps as narrated, if properly proven, constitute a

clear case of fraud, which would entitle the plaintiffs, upon proof, to relief such as asked.

The case before the court is a counterpart, with a single exception, of the case of *Hunter* v. *Chase,* 144 Md. 13, the only distinction being that in the case of *Hunter* v. *Chase* evidence was taken and the facts relied on proven, while in the present case there was no evidence, the demurrer having, as has been said, the effect of admitting the facts properly pleaded. In *Hunter* v. *Chase,* the previous adjudications in this State were carefully reviewed in the opinion by JUDGE THOMAS, and there has been nothing in the case which would give any occasion for a modification of the law applicable to such a set of facts. Following the conclusion reached in the case of *Hunter* v. *Chase,* before referred to, it was error to have sustained the demurrer and dismissed the bill in the case now presented, and the ruling and decree of the Circuit Court for Cecil County must therefore be reversed, and the case remanded for such further proceedings as may be appropriate.

> *Decree reversed with costs, and case remanded*
> *for further proceedings.*