HARRY W. WHISTLER *v.* FLORENCE HANNA ET AL.

*Assignment of Mortgage—Subject to Equity—Lack of Consideration—Source of Payment—Evidence.*

Where a mortgage was given to secure a loan, not evidenced by a note, of a named sum, with the proceeds of which loan the mortgagee agreed to pay off recorded liens on the property to that amount, one taking an assignment of the mortgage, without the concurrence of the mortgagor, though for a valuable consideration and without actual notice that the mortgagee had not paid off one of the prior liens, took it subject to the mortgagor's defense based on such non-payment, as involving a partial failure of the consideration of the mortgage.                    pp. 600-602

On an issue as to the source of payment of a mortgage, released several years before the contest in regard thereto arose, *held* that the evidence did not show that the mortgage was paid from funds belonging to the claimant under a subsequent mortgage, without his knowledge, by a custodian of such funds.

pp. 602, 603

Declarations and statements by an agent to his principal are not evidence to establish a contractual relation or obligation between that principal and a third party, in the absence of proof that the declarant was then acting as the third party's agent, and that his statements were in reference to an act either expressly authorized or done within the scope of his duty and authority as the third party's agent with respect to the particular subject-matter to which the declarations and statements referred.                    p. 603

*Decided March 3rd, 1927.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by Florence Hanna and Zenobia Hanna against Jacob A. Doxen, James O. Morgan, and Harry W. Whistler. From the decree rendered, said Whistler appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Philip H. Close,* with whom were *S. A. Williams* and *F. R. Williams* on the brief, for the appellant.

*Robert H. Archer,* for Florence Hanna and Zenobia Hanna, appellees.

*John L. G. Lee,* with whom were *Robinson & Fahey* on the brief, for James O. Morgan, appellee.

PARKE, J., delivered the opinion of the Court.

Florence Hanna, a widow, was the owner in fee of a farm in Harford County which was subject to the lien of two mort-

gages. The first was given by herself and her husband to A. Henry Strasbaugh on June 4th, 1894, to secure a loan of $3500, and the second bore the date of March 1st, 1907, and was to Jacob A. Doxen for a loan of $3000. The two mortgages were later assigned, and part payments had been made thereon, so that on March 17th, 1920, the first mortgage was held by Fannie H. Strasbaugh, and the principal indebtedness secured thereby had been reduced to $3000, and the second mortgage had been transferred to James O. Morgan, and the principal remaining due was $1300. About the first of March, 1920, the assignee of the first mortgage demanded payment, and Doxen suggested to the mortgagor, whose husband had died, that he would lend or procure for her the money to pay off the outstanding indebtedness of $4300 on both the mortgages, if she would give him a mortgage lien on her farm to secure this loan. The widow accepted this proposal, and executed and delivered to Doxen a mortgage deed to secure to him the repayment of the loan, which the mortgagor left in the hands of Doxen to apply to the extinguishment of the two prior mortgage liens. The mortgage deed to Doxen was executed on March 17th, 1920, and, on March 22nd of the same year, the mortgagor conveyed her farm to a third party, who, in turn, made a deed to the mortgagor and her daughter, Zenobia Hanna, so as to put the title to the property in the mother and daughter as joint tenants.

On May 20th, 1920, Doxen paid and had released the first mortgage lien of $3000, but he never did pay off the $1300 remaining unsatisfied on the second mortgage, and this amount is now owing to James O. Morgan as assignee. It further appears that Doxen, on April 6th, 1920, transferred his mortgage for $4300 to the appellant, Harry W. Whistler, an innocent assignee, for full value. There was no mortgage note, and the mortgage recited that it was taken to secure, at the expiration of one year from its date, the repayment of cash that day loaned, with interest.

The mortgagor paid her interest on the original mortgage indebtedness to Doxen, who paid the interest to the mortgagees and their assignees. After the execution of the mort-

gage to Doxen for the loan of $4300, the mortgagor paid her
interest on that amount, and nothing on account of the mort-
gage held by Morgan; and it was not until November, 1925,
that the mortgagor was informed by counsel for the assignee
that the residue owing to Morgan under his mortgage had not
been paid by Doxen, and that Doxen had made over his mort-
gage of $4300 to the appellant, who claimed the full princi-
pal amount. The mortgagor and her daughter thereupon em-
ployed counsel, who advised them of the facts here narrated,
and of the state of the record title. The appellees Florence
Hanna and Zenobia Hanna, as the owners of the land affected,
promptly filed a bill in equity for relief, making Jacob A.
Doxen and his assignees of mortgages, James O. Morgan and
Harry W. Whistler, the defendants. After the parties were
at issue, testimony was taken, and the chancellor decreed that
James O. Morgan had a first mortgage lien to secure the sum
of $1300, the residue of his mortgage claim; and that Harry
W. Whistler's mortgage indebtedness must be abated to the
extent of $1300, and that the indebtedness remaining of
$3000 was a second lien on the property. It is from this
decree that Harry W. Whistler has appealed.

No question is raised as to the mortgage claim and priority
of Morgan, but a reversal is asked in order to permit Whist-
ler, as the assignee of Doxen, to enforce the full amount
($4300) of his mortgage claim as a second lien. The princi-
pal reasons advanced for the reversal are (a) that the mort-
gagor and her daughter did not meet the burden of establish-
ing by a fair preponderance of the testimony that there was
a failure in part of the consideration for the mortgage in con-
troversy; (b) that the facts on this record take the case at
bar out of the operation of the decisions in *Hunter v. Chase,*
144 Md. 13, and *Riley v. Woodall,* 145 Md. 125, and (c)
that there was error in the refusal to admit certain evidence
which the appellant contends was relevant and material, as
tending to show the reality of the consideration for the mort-
gage loan in controversy.

The mortgage which the appellant acquired from Doxen
was for an indebtedness in a certain amount, which it had

been agreed by the mortgagor and mortgagee should not be
paid to the mortgagor, but would be applied by the mortgagee
to the payment and release of two prior and outstanding
mortgage liens upon the same property then conveyed by the
mortgagor. There is no direct proof of any fraud in the in-
ception and creation of the mortgage loan, but the proof is
ample and convincing that the mortgagee subsequently per-
petrated a fraud upon the mortgagor, by his breach of faith
in failing to pay off both of the subsisting prior mortgage
debts. When he assigned the mortgage to the appellant on
April 6th, 1920, he was in total default, since it was not
until May 20th, 1920, that Doxen satisfied the Strasbaugh
mortgage of $3000. Hence at the time of the assignment the
mortgagee could not have enforced the mortgage against the
mortgagor; and the records gave the appellant constructive
notice of the two mortgages in question, and, if he had in-
quired of the mortgagor in reference to the mortgage debt or
its consideration, he would have been led to the knowledge
that there was then a total failure of consideration by reason
of the mortgagee's not having discharged the two mortgage
liens. The mortgagor said and did nothing to induce the as-
signee to acquire the mortgage debt and lien, and the testi-
mony showed that the assignee preferred the mortgagor not
to know that the mortgage had been transferred to him. It
follows that the record presents a case where there was no
note or other personal obligation given with the mortgage
deed, which secured a debt not evidenced by any separate
written obligation. This mortgage deed was not a negotiable
instrument, and, although assigned before maturity, for a
valuable consideration, to an innocent assignee, the assign-
ment was made without the concurrence of the mortgagor,
and, therefore, the assignee took the mortgage, and the debt
it secured, upon the same terms and subject to the like equities
and defenses to which it was subject in the hands of the as-
signor, since, in such cases, our predecessors have held that
the mortgagor cannot be prejudiced by the assignment. *Cum-
berland Coal & Iron Co. v. Parish,* 42 Md. 598, 613, 614;
*Avirett v. Barnhart,* 86 Md. 545, 549-550; *Hunter v. Chase,*

144 Md. 12; *Riley v. Woodall,* 145 Md. 125.  See *Jones on Mortgages* (7th Ed.), secs. 841a, 842; *Ressmeyer v. Norwood,* 117 Md. 320, 331, 332.  Compare *Economy Savings Bank v. Gordon,* 90 Md. 486, 502.

In order to take the instant case out of the operation of these authorities, the appellant has earnestly argued that the consideration for the mortgage of $4300 was actually furnished by Doxen out of the funds of the appellant in Doxen's care.  It seems that, on July 1st, 1912, the widow, Florence Hanna, conveyed the farm mentioned to Doxen to secure the repayment of $1300 at the end of one year from the date of the mortgage; and that, on October 26th, 1912, Doxen assigned this mortgage to Charles L. Vail and wife, who released the mortgage on April 10th, 1914, by executing a short form of release which was written on the mortgage, but which was not recorded until March 17th, 1920.  From the fact that the mortgagor paid Doxen in July interest on $1300 from 1913 to 1920, and that, during the period from 1914 to March, 1920, Doxen paid the interest on a like amount to appellant, and from various suggestive coincidences in dates and circumstances, the appellant contends that Doxen took the mortgage of $4300 in his own name and then used the funds of appellant to take up the Strasbaugh mortgage of $3000 and the Doxen-Vail mortgage of $1300.  This theory has some measure of plausibility, but it is not supported by any direct evidence, and is flatly disproved by the testimony of Doxen and of the mortgagor and her daughter.  The theory is, also, refuted by the circumstance that the Doxen-Vail mortgage stood on the records in the name of the Vails from May 26th, 1913, until their release was recorded on March 17th, 1920; and by the failure to show, either by the Vails or by any other form of testimony, that the mortgage had not been paid on April 10th, 1914, or why, if paid by Whistler, it was not then assigned to him instead of being released.  The presumption flowing from the release, that the Vail mortgage had been paid on the day of its purporting execution rather than about six years later, is, therefore, supported by the evidence before the chancellor.  Nor was

he in error in finding the proof insufficient to show that the appellant had furnished the mortgagor with the money to pay the Vails their mortgage demand at the time of their execution of the release; and, from the nature of the evidence before him, his conclusion that there was a failure of consideration to the extent of $1300 in the Doxen-Whistler mortgage for $4300 was one which, under all the circumstances, no sufficient reason is disclosed by the record to reject.

Doxen had been for many years the agent of the appellant to invest the latter's funds, but this agency was undisclosed, and the proof established that the mortgagor was not aware of this relation, and that the sole consideration for the mortgage of $4300 to Doxen was his agreement to use the funds provided by the mortgage to pay the Strasbaugh mortgage ($3000) and the residue ($1300) on the Doxen-Morgan mortgage. There never was any negotiation between the mortgagor and the appellant. The mortgages for $1300 and for $4300 were both given to Doxen, and the first he assigned to the Vails and the second he assigned to the appellant. If, as urged, the appellant, in 1914, had actually paid to the Vails, through his agent Doxen, the money for the release of that mortgage, there is no proof either that Doxen was the agent of the mortgagor in that transaction, or that the mortgagor requested or knew at the time or subsequently of the alleged payment. Hence the proffers by the appellant of the oral and written statements of the agent Doxen to his principal, the appellant, to the effect that he had loaned in 1914 for his principal to Florence Hanna the sum of $1300, which was secured by a mortgage on her property, and on which loan he had collected the interest and remitted it from 1914 to 1920 to the appellant as his principal, were rightly rejected by the chancellor. The declarations and statements of an agent to his principal are not evidence to establish a contractual relation or obligation between that principal and a third party, in the absence of any proof that the declarant was then acting as the agent of the third party, and that his statements and representations were in reference to an act either expressly authorized or done within the scope of his duty and authority

as the agent of the third party, with respect to the particular subject-matter to which the statements and declarations referred. 2 *Mechem on Agency* (2nd Ed.), secs. 1783, 1784, 1792.

For the reasons assigned, no sufficient ground for reversal is disclosed by the record.

*Decree affirmed, with costs.*